# C. O. GOLDSMITH ET AL V. HUMBLE OIL & REFINING COMPANY.

No. A-1059. Decided February 19, 1947.
Rehearing overruled March 19, 1947.
(199 S. W., 2d Series, 773.)

*Pollard, Lawrence, Blackburn, Crawford & Jarrel,* of Tyler, for Bobbie Manziel, and *T. C. Chadick,* of Quitman, for Goldsmith, both petitioners.

It was error on the part of the Court of Civil Appeals to hold that the small strip of land here involved was included in the conveyance from the administrator of the estate of McCorkle to Stewart in 1880, as that conveyance was described by metes and bounds and contained no reference to a street or other passageway, and said description did not include the strip here involved. DeGeorge v. Goosby, 76 S. W. 66; Cantley v. Gulf Production Co., 135 Texas 339, 143 S. W. (2d) 912; Amerman v. Missouri, K. & T. Ry. Co., 182 S. W. 54.

*Rex G. Baker, Nelson Jones,* and *D. H. Gregg,* all of Houston, and *Powell, Wirtz, Rauhut & Gideon,* of Austin, for respondent.

The strip of land here involved being in actual use at the time as a road or passageway and so intended by the grantor and not otherwise claimed by him until 60 years later, when oil was discovered, the deed to Stewart of the lot bordering on said road operated to pass title to the adjacent portion of the roadway strip. Martinez v. City of Dallas, 102 Texas 54, 109 S. W. 287, 113 S. W. 1167; City of San Antonio v. Sullivan, 57 S. W. 42; Oswald v. Grenet, 22 Texas 94.

MR. JUSTICE SMEDLEY delivered the opinion of the Court.

This case had its beginning in an application filed by petitioner Goldsmith with the Railroad Commission of Texas for a permit to drill an oil and gas well, as an exception to Rule 37, on a tract of land 7 1/2 by 75 1/20 varas in dimensions and containing about 1/10 of an acre.. The application having been granted, respondent filed this suit to test the validity of the order and to enjoin the drilling of the well. After the evidence had been heard the trial court withdrew the case from the jury and rendered judgment that respondent take nothing by its suit. The Court of Civil Appeals, Associate Justice Blair dissenting, reversed the trial court's judgment and rendered judgment cancelling the permit. 196 S. W. (2d) 665.

The parties agree that there is one controlling question in the case. It is whether B. A. Wells, administrator of the estate

of R. P. McCorkle, conveyed the small tract of land 7 1/2 by 75 1/20 varas in dimensions to T. B. Stewart by his deed executed April 29, 1880. If title to the small tract was not conveyed by that deed, the permit to drill the well is valid; if it was conveyed by that deed, the permit is not valid. This, by reason of the effect of an order of the Railroad Commission which provides that in applying the well spacing rule and in determining the matter of confiscation, no subdivision of property will be regarded if the subdivision was made subsequent to the adoption of the original spacing rule.

R. P. McCorkle in the year 1863 became the owner of 320 acres of land in Wood County. Prior to 1873 he had sold and conveyed several one acre blocks of land out of the southwest part of his 320 acre tract and adjoining the Hawkins townsite. Three of these blocks, each a rectangle and lying the one adjoining the other east and west, were between the Winnsboro and Belzora road on the west and the Hawkins and Big Sandy road on the east. Of these, the block fartherest west and near the Winnsboro and Belzora road, was acquired by Sullivan. McCorkle died in 1873 or 1874, and B. A. Wells, as administrator of McCorkle's estate, executed on April 29, 1880, the deed to T. B. Stewart, the effect of which as to the land conveyed controlls the decision of this case. The deed describes the land conveyed as follows:

"a part of G. Brewer Headright situated in Wood County and on the waters of Sabine River and

"BEGINNING 7 1/2 varas North of the N W of a one acre lot Deeded to M. F. Sullivan a stake

"THENCE North 9 deg E at 75 4/20 varas a stake for corner

"THENCE E. at 75 1/20 varas a stake for corner

"THENCE S at 75 1/20 varas a stake for corner

"THENCE W 75 1/20, the place of beginning, containing one acre, together with all and singular the rights, members, herediments and improvements to the same belonging or in anywise incident or appertaining."

A tract or strip of land owned by the McCorkle estate when the deed was made, being 7 1/2 varas wide north and south and 75 1/20 varas long east and west, and lying immediately north of the Sullivan one acre block, was not included within the metes and bounds description set out in the deed. Petitioners contend that after the execution of the deed the title to that tract or srip remained in the McCorkle estate. Respondent takes the position, which was sustained by the majority of the Court of Civil Ap-

peals, that the deed conveyed the title to the tract or strip to Stewart, the grantee.

The judgment of the Court of Civil Appeals is based upon the well established general rule applied in Rio Bravo Oil Co. v. Weed, 121 Texas 427, 50 S. W. (2d) 1030, which was followed in later decisions, that when a conveyance is made of a lot or a tract of land abutting upon a street or highway, the fee to which belongs to the owner of the abutting land, a presumption is indulged that the grantor intended to convey the fee to the center of the street or highway, or all of it depending upon the circumstances, unless a contrary intention is shown. Cox v. Campbell, 135 Texas 428, 143 S. W. (2d) 361; Cantley v. Gulf Production Co., 135 Texas 339, 143 S. W. (2d) 912.

It is our opinion that the facts of the instant case neither require nor justify the use of the presumption by which those three cases were ruled. There are two important differences between the facts of those cases and the facts of this case. The first of these is that in each of those cases the deed expressly referred to the right of way or the road or roadway by which the tract conveyed was bounded; whereas there is in the deed from Wells to Stewart no reference whatever to a road, passageway or alley. The second of the important points of difference is that in each of those three cases the tract conveyed was in fact bounded by an existing right of way, road or roadway in which an easement had been created or acquired; whereas in the instant case the strip of land lying north of the Sullivan one acre tract and excluded from the description contained in the deed from Wells to Stewart was not an existing road, passageway or alley in which an easement had been created or acquired when the deed was executed.

Looking to the description contained in the Wells-Stewart deed, we find that it makes no reference to a road, passageway or alley along the south side of the tract conveyed or elsewhere; and further that the deed makes no reference to a map or plat showing a road, passageway or alley. It simply describes the tract conveyed as beginning 7 1/2 varas north of the northwest corner of the Sullivan one acre tract, and thence by courses and distances only to the place of beginning. And thus the description in the deed on its face evidences no intention to convey the narrow tract of land 7 1/2 varas wide lying along the north line of the Sullivan tract. The deed by the metes and bounds contained in it excludes this narrow tract or strip from the land that it purports to convey.

■  Although we have found no Texas case so holding, it seems to have been decided by the weight of authority that if the property described by metes and bounds actually abuts on an existing highway, the fact that the highway is not mentioned as a boundary does not of itself indicate an intention that the grantee shall not take title to the center thereof. 11 C. J. S. p. 580, Sec. 35; 8 Am. Jur. pp. 772-773, Sec. 36; Note 2 A. L. R. pp. 6, 31; Note 47 A. L. R. pp. 1276, 1280; Note 123 A. L. R. pp. 542, 551-552. In some of the cases so holding the court, for support of the presumption that title passes, has looked to other facts and circumstances than the fact that the land conveyed is actually bounded by an existing highway or street not mentioned in the deed. See, for example, Van Winkle v. Van Winkle, 184 N. Y. 193, 77 N. E. 33. It is true, however, that a reference to the highway or street is an important factor in determining from the deed the intention of the grantor as to the highway or street, that is, whether it is intended to be included or excluded. Boston Five Cents Savings Bank v. Massachussetts General Hospital, 255 Mass. 583, 152 N. E. 40; Brewer v. Avinger, 208 Ala. 411, 94 So. 590; Knott Bros. v. Jefferson Street Ferry Co., 9 Ore. 530; Cities Service Oil Co. v. Dunlap (5th Circuit) 100 Federal (2d) 294, 115 Federal (2d) 720.

■  But more important to support the presumption is the existence of a highway, street or passageway in which there is an easement at the time when the deed is made. We have found no case applying the presumption when the conveyance makes no reference to a highway, street or passageway and when, at the time the deed is executed, the land conveyed is not bounded by a highway, street or passageway in which an easement has been created or acquired.

The Supreme Court of Washington, in a carefully considered opinion, held that by formal vacation of a street the land embraced therein was freed from the public easement and did not pass as an incident or appurtenance to lots thereafter conveyed which bordered on the vacated street. Raleigh-Hayward Co. v. Bull, 167 Wash. 39, 8 Pac (2d) 988, 991. In so holding the court quoted from Elliott on Roads and Streets (4th Ed.), par. 1192, as follows:

"There is neither mystery nor magic in the word 'street'. The easement of use is the significant fact. When the easement ceases, there is no occasion nor justification for any imputation of intention. The parties would contract with reference to a record showing that no street existed."

· In Rio Bravo Oil Co. v. Weed, 121 Texas 427, 440, 50 S. W. (2d) 1080, the reason given for the presumption of intention to convey to the center of the street or highway is the fact that valuable rights and privileges appurtenant to property should be presummed to pass in a conveyance thereof in the absence of a clear and unequivocal intent to the contrary." The opinion in that case treats the title to the land in the street or highway, burdened with the easement, as an appurtenant right or an incident to the adjoining land, a right or incident of distinct and peculiar advantage and value to the owner of the land, which ordinarily passes by conveyance thereof as essential to its proper enjoyment. There is no such appurtenant right when the land conveyed is not bounded by a tract or an area of land in which there is an existing easement. There are merely two distinct and separate tracts of land.

The record contains no proof of any act by Wells or by any prior owner that tended to show an intention to dedicate an alley or passageway. There is testimony that prior to the execution of the Wells-Stewart deed there was a lane or alley back or north of the Sullivan place that was "traveled quite a bit" by school children and other persons in crossing from the Hawkins and Big Sandy road to the Winnsboro and Belzora road, and that wagons "had been driven through there." But there is no proof of the extent of the use, and no proof that there had been a defined lane or alley on or over the tract of land that was excluded from the Wells-Stewart deed. The Court of Civil Appeals correctly held that no easement had been created prior to that deed. Worthington v. Wade, 82 Texas 26, 17 S. W. 520. Since there was no easement when the Wells-Stewart deed was executed, we do not have in this case the reason given in Rio Bravo Oil Co. v. Weed for indulging the presumption. Using again part of the above quotation from Raleigh-Hayward Co. v. Hull, "There is no occasion nor justification for any imputation of intention."

■ The Court of Civil Appeals in the majority opinion and respondent in its brief would give to· the Wells-Stewart deed the effect of conveying the land described in the deed and, at the same time, of dedicating the adjoining strip of land for use as an alley or passageway, with a consequent vesting in Stewart of the title to the strip of land subject to its use as an alley or passageway. A deed may have that two-fold effect when the grantor's intention that it shall is evidenced by the language of the deed or by the language of the deed read in the light of the

surrounding circumstances. That intention is sometimes shown by the sale and conveyance of lots with express reference to a plat showing that the lots front on a street. Oswald v. Grenet, 22 Texas 94, 100; Paine v. Consumers Forwarding &. Storage Co. (6th Cir.) 71 Fed. 626, 630. The deed from Wells to Stewart, however, contains no reference to a map or plat; no mention of a street, highway, passageway, or alley and nothing to indicate an intention on the part of the grantor to create an easement or to dedicate any land for any purpose. It is a simple conveyance describing the land conveyed by metes and bounds and leaving not conveyed, as was the grantor's right, a small adjoining tract of land owned by the grantor.

The majority of the Court of Civil Appeals found an intention on the part of Wells to dedicate the strip of land as a passageway or alley from the fact that the tract excluded from the deed was a narrow strip of land, suitable, in their opinion, only for use as a passageway, from recital in two deeds executed several years later and from other subsequent events. One of those deeds was executed by P. M. Morris on February 28, 1888, and conveyed to J. A. Brown the one acre tract lying immediately east of the tract that had been conveyed in 1880 by Wells to Stewart; and the other deed was executed by B. A. Wells on February 21, 1888, and conveyed to Mrs. M. M. Giles the one acre tract immediately east of the tract conveyed by Morris to Brown . In each of the two deeds the tract conveyed was described as bounded on the South by an 18 foot alley. Neither the recitals made in the deeds executed in 1888 nor the other subsequent events, including the use of the narrow strip of land as part of an alley or passageway and the failure of Wells and his heirs to assert ownership, have any bearing on the question with which we are concerned, the intention of B. A. Wells when he executed the deed to Stewart in April 1880. We quote from Judge Taft's opinion in Paine v. Consumers Forwarding & Storage Co., 71 Fed. 626, 631: "But it is to be observed that the intention of the parties is to be ascertained as of the date of the deed, and the construction of the descriptions in the plat is to be of that date, wherever construction is necessary." The intention as to the land conveyed is that which is expressed in the language of the deed, and when consideration is given to extraneous circumstances to throw light upon the language of the deed, it should be confined to circumstances existing at the time when the deed was made.

We agree with the conclusion expressed by Associate Justice

Blair of the Court of Civil Appeals in his dissenting opinion that the majority opinion of that court extends the use of the rule upon which respondent relies far beyond the field in which it has been applied in Rio Bravo Oil Co. v. Weed, 121 Texas 427, 50 S. W. (2d) 1080, and in the decisions that have followed that case. The deed under construction here contains nothing to require or to justify the application of the rule; and in the record in this case there are no facts to form the basis for the presumption that was indulged in that case.

We have carefully examined points of error three to seven, inclusive, presented in respondent's brief in the Court of Civil Appeals. Points three to five, inclusive, and point seven relate to the overruling of exceptions to pleas of res judicata and estoppel in the answer of petitioner Manziel, and to the admission in evidence, to support those pleas, of the pleadings and judgment in a former suit. In approving the trial court's withdrawal of the case from the jury and rendition of judgment that respondent take nothing, we have not considered the special defenses urged in petitioner Manziel's answer, and have given no effect to the evidence offered to support them.

Point six complains of the exclusion of certain excerpts offered by respondent from the transcript of the testimony of A. C. Wells at the hearing before the Railroad Commission, the contention being made that the excluded excerpts "clarified possibly even contradicted to some extent" parts of the testimony of Wells, an interested witness, given by deposition for the trial. When the excluded excerpts are carefully considered as if admitted, no material issue of fact is raised. With or without the excluded evidence the trial court's judgment is correct.

The judgment of the Court of Civil Appeals is reversed and the judgment of the district court is affirmed.

Opinion delivered February 19, 1947.

Rehearing overruled March 19, 1947.