**Jerome ANGELO et al., Appellants,**

**v.**

**E. E. BISCAMP, Appellee.**

**No. 6984.**

Court of Civil Appeals of Texas.

Beaumont.

Sept. 5, 1968.

Carl R. Griffith, Beaumont, for appellant.

Hugh Freeland, Lavon L. Jones, Beaumont, for appellee.

STEPHENSON, Justice.

This is an action in trespass to try title. Trial was by jury and judgment was rendered for defendant upon the answers of the jury to the special issues. The parties will be referred to here as they were in the trial court.

Plaintiffs filed the usual formal petitions in trespass to try title. Defendant Biscamp answered with a plea of not guilty and the three-year statute of limitation. The evidence showed: April 6, 1956,

Sophie Maida conveyed to Jerome Angelo the title to Lots 18, 19, 20, 21 and 22 in Block 21 of the Jarrett Addition. March 5, 1959, Jerome Angelo and wife, Jessie Stena Angelo, conveyed to E. E. Biscamp the title to the same five lots. That each of these lots are 25 feet by 140 feet in size. That the land involved in this suit is 50 feet by 140 feet in size and is adjacent to and lying in a southerly direction from Lot 18 in Block 21. That the other four lots are adjacent to the lot next to it and lie in a northerly direction above Lot 18 in Block 21. That the property involved in this suit was at one time a part of the right-of-way of the Beaumont, Sour Lake and Western Railroad Company, and this is the northerly one-half of such right-of-way. That such railroad company had only an easement and not the fee. A map of the Jarrett Addition showed the "B. S. L. & W. Ry. (Frisco)" railroad line lying south of Lot 18, Block 21 of the Jarrett Addition.

In answer to the three special issues submitted to them, the jury found: (1) The portion of the railroad right-of-way in dispute in this lawsuit had been abandoned. (2) That it was abandoned during the time plaintiffs Angelos owned the adjacent Lot 18 in Block 21 in the Jarrett Addition and prior to March 5, 1959. (3) That defendant Biscamp held exclusive, peaceable and adverse possession of the land in controversy, cultivating, using or enjoying the same for any period of three years or longer, prior to August 21, 1963. The judgment of the trial court also contained the following:

* * * and such additional considerations and findings as were authorized by law having been had and made, including, but not limited to, the consideration that there was no express exclusion of the railroad right of way in the grant from the plaintiffs to the defendant of the abutting property, * * *.

The primary question in this case is whether the deed from the plaintiffs Angelos to defendant Biscamp, describing only the lots, also conveyed the title to the abandoned right-of-way, inasmuch as there was no express exclusion of such right-of-way. It is clear in this State that there is no question but that the deed from Sophie Maida to plaintiffs Angelos conveyed the title to such right-of-way, even though the same description of the land conveyed is used in both of these deeds. At the time of the Maida-Angelo conveyance, the right-of-way had not been abandoned and the title to the right-of-way, burdened with the railroad easement, would vest in the grantee under the law expressed in Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391.

> The use of this presumption is merely the application in a different form of the familiar rule of construction which has always been enforced by the courts, that is, to indulge the presumption that a grantor intends to convey to his grantee all of the appurtenant rights incident to the beneficial enjoyment of property which he has conveyed. In other words, when a person conveys a piece of property abutting upon a public highway or nonnavigable stream it is but natural to assume, in the absence of an express reservation to the contrary, that he intends to convey the same with all of the beneficial rights enjoyed by him in its use.

This rule of law was recently reiterated in State v. Fuller, (Tex.) 407 S.W.2d 215 as follows:

> It is well settled that a deed to land abutting on a railroad right-of-way conveys title to the center of the right-of-way unless the contrary intention is expressed in the instrument. (Cases cited.)

At the time of the Maida-Angelo conveyance, Lot 18 abutted on the railroad right-of-way, and title to the land involved in this suit passed to grantee. However, at the time of the Angelo-Biscamp conveyance, Lot 18 no longer abutted on a railroad right-of-way, as it had already been abandoned. It is made clear in the Fuller case,

supra, that at the time of the abandonment of the railroad right-of-way the title to such right-of-way had ripened into absolute ownership in plaintiffs Angelos.

We have been cited no cases directly in point, and we have been unable to find any in this or other jurisdictions. The factual situation most similar to the one we have in the present case is found in Cantley v. Gulf Production Co., 136 Tex. 339, 143 S. W.2d 912. A large tract of land had been partitioned, and a 30 foot roadway had been set aside and platted. However, this 30 foot strip of land was never actually used as a road. The heirs of one of the partitioners brought suit to recover title to that portion of the road adjacent to the tract of land owned by their father, inasmuch as the description in the deed out of their father showed it did not include the 30 foot strip by actual field notes. The Supreme Court held the title to the 30 foot strip passed to the grantee with the following statements:

It is well known that separate ownership of long narrow strips of land, distinct from the land adjoining on each side, is a fruitful source of litigation and disputes. To avoid this source of contention, it is presumed that a grantor has no intention of reserving a fee in a narrow strip of land adjoining the land conveyed when it ceases to be of use to him, unless such fee is clearly reserved. The reason for the rule is obvious. Where it appears that a grantor has conveyed all land owned by him adjoining a narrow strip of land that has ceased to be of any benefit or importance to him, the presumption is that the grantor intended to include such strip in such conveyance; unless it clearly appears in the deed, by plain and specific language, that the grantor intended to reserve the strip. (Citing cases.)

\*　　\*　　\*　　\*　　\*　　\*

In view of the public policy of this State with reference to such strips of land, and the presumption that it was the intention of the grantors to convey such narrow strip to the grantees with the other land adjoining same, we do not think that it affects the rule, so far as the title to the strip is concerned, if the road was never used *or if it was abandoned*. (Emphasis ours.)

We have concluded under the Weed case, supra, and Cantley case, supra, that it must be presumed that plaintiffs Angelos intended to convey the title to all of the land they owned, including the abandoned right-of-way, inasmuch as it does not clearly appear that they intended to reserve such right-of-way.

In view of this ruling, the points of error attacking the findings of the jury as to the three year statute of limitation, become immaterial.

Affirmed.