Jerome ANGELO et ux., Petitioners,

v.

E. E. BISCAMP, Respondent.

No. B-1203.

Supreme Court of Texas.

May 14, 1969.

Rehearing Denied June 11, 1969.

Carl R. Griffith, Beaumont, for petitioners.

Lavon L. Jones, Beaumont, for respondent.

HAMILTON, Justice.

This an action in trespass to try title brought by the petitioners to determine the ownership of a 50 foot by 140 foot tract of land out of the northern half of an abandoned railroad right-of-way.

The petitioners in this case were conveyed Lots 18, 19, 20, 21, and 22 in Block 21 of the Jarrett Addition to the City of Beaumont on April 6, 1956. Each of these five lots measure 25 feet by 140 feet. South of and adjacent to Lot 18 at the time of this conveyance was an easement for a right-of-way belonging to the Beaumont, Sour Lake and Western Railroad Company in dispute in this case. It is not disputed that this easement was limited to

a right-of-way obtained by the railroad in condemnation proceedings on February 24, 1912.

On March 5, 1959 the petitioners conveyed Lots 18, 19, 20, 21, and 22 to the respondent; the deed described the five numbered lots as being in Block 21 of the Jarrett Addition to the City of Beaumont. At trial, the jury found in answer to special issues that the right-of-way had been abandoned before this conveyance to the respondent, but during the time the petitioners had title to the five lots; the jury also found that the respondent had held exclusive, peaceable, and adverse possession of the land in controversy for over three years between March 5, 1959 and August 21, 1963. After these jury findings, the trial court entered judgment for the respondent.

The Court of Civil Appeals has affirmed the judgment of the trial court. 431 S.W. 2d 947. In its opinion, the Court of Civil Appeals held the March 5, 1959 deed to the respondent to include the conveyance of the disputed tract, relying upon opinions by this Court in Rio Bravo Oil Co. v. Weed, 121 Tex. 427, 50 S.W.2d 1080, 85 A.L.R. 391 (1932) and Cantley v. Gulf Production Co., 135 Tex. 339, 143 S.W.2d 912 (1940). This Court does not find these cases controlling and concludes that the judgments below are in error.

■ In Rio Bravo Oil Co. v. Weed, supra, this Court held that a deed to land abutting on a railroad right-of-way conveys title to the center of the right-of-way unless a contrary intention is expressed in the instrument. This is a well-established rule in Texas, and is based upon the presumption that a conveyance reflects an intention to carry with it the appurtenant easements and incidents belonging to the property at the time of the conveyance. Rio Bravo Oil Co., supra, 50 S.W.2d 1095; 26 C.J.S. Deeds § 106 (1956) ; see also State v. Fuller, 407 S.W.2d 215 (Tex.Sup.1966) ; Cox v. Campbell, 135 Tex. 428, 143 S.W.2d 361 (1940).

■ In the case at bar, however, the jury determined that the railroad abandoned the right-of-way during the time the petitioners were vested with title to the adjacent land. When this abandonment occurred, the 50 foot by 140 foot northern portion of the right-of-way ripened into fee simple title vested in the petitioners. State v. Fuller, supra, 407 S.W.2d 218; 47 Tex.Jur.2d Railroads, Sec. 102 (1963). With the disappearance of the easement right and the investiture of fee title in the petitioners, a presumption of an intent to convey the abutting easement is not applicable. Therefore we find the Court of Civil Appeals in error insofar as it here applies the doctrine articulated in the Rio Bravo case.

The respondent, with the Court of Civil Appeals agreeing, contends that the 50 foot by 140 foot tract passed to him under the "strip and gore" doctrine followed by this Court in Cantley v. Gulf Production Co., 135 Tex. 339, 143 S.W.2d 912, 915 (1940), to wit, that:

"Where it appears that a grantor has conveyed all land owned by him adjoining a narrow strip of land that has ceased to be of any benefit or importance to him, the presumption is that the grantor intended to include such strip in such conveyance; unless it clearly appears in the deed, by plain and specific language, that the grantor intended to reserve the strip."

In Strayhorn v. Jones, 157 Tex. 136, 300 S.W.2d 623, 638 (1957), this Court recognized this doctrine as an:

"expression that it is against public policy to leave title of a long narrow strip or gore of land in a grantor conveying a larger tract adjoining or surrounding this strip." See also Haines v. McLean, 154 Tex. 272, 276 S.W.2d 777 (1955).

■ It is our conclusion that this doctrine was conceived and intended to apply to relatively narrow strips of land, small in size and value in comparison to the adjoin-

ing tract conveyed by the grantor. 26 C. J.S. Deeds § 107(a) (1956); see also McKee v. Stewart, 139 Tex. 260, 162 S.W.2d 948, 950 (Tex.Comm.App.1942, opinion adopted); Miller v. Crum, 314 S.W.2d 389, 395 (Tex.Civ.App.—Fort Worth 1958, no writ hist.); Simon v. Rudco Oil & Gas Co., 132 F.2d 211 (5th Cir. 1942); Cities Service Co. v. Dunlap, 117 F.2d 31 (5th Cir.1941). In these instances, when it is apparent that the narrow strip has ceased to be of benefit or importance to the grantor of the larger tract, it can be presumed that the grantor intended to convey such a strip.

■ But in this case, if title to the disputed tract is to pass under the "strip and gore" doctrine, it must do so by virtue of the conveyance of the adjoining Lot 18. Lot 18 is smaller and presumably less valuable than the tract here in dispute. The evidence shows that the disputed area, as well as the platted lots, is commercially valuable property within the City of Beaumont. To apply the "strip and gore" doctrine to presume the intent to convey this disputed tract would be to presume that by the conveyance of a smaller city lot, the grantor intended to convey a larger and perhaps more valuable adjoining tract. In this Court's opinion this is not in keeping with the intent or policy of the strip and gore doctrine. Accordingly, we hold the doctrine to be inapplicable in this instance.

■ The Court of Civil Appeals has also held the petitioners' assignments of error pertaining to the statute of limitations issue answered by the jury to be immaterial and has therefore not ruled upon them. As this Court has determined that the Court of Civil Appeals based its judgment below upon an unsound conclusion, it becomes necessary and appropriate to consider this question of law not ruled upon in the intermediate court. Porter v. Wilson,

389 S.W.2d 650, 653 (Tex.Sup.1965); McKelvy v. Barber, 381 S.W.2d 59 (Tex. Sup.1964).

At trial the jury found in answer to a special issue that the respondent had held exclusive, peaceable, and adverse possession for a period of three years or longer between March 5, 1959 and August 21, 1963. The respondent urged in the courts below that he had perfected title through the three years' adverse possession statute, Art. 5507, Vernon's Ann.Civ.Stat., by holding possession under his deed describing the five lots by number. Art. 5507 provides that title to realty can be perfected by three years' peaceable and adverse possession under title; title is defined in Art. 5508, Vernon's Ann.Civ.Stat. as a "regular chain of transfers from or under the sovereignty of the soil."

■ In this case, the respondent's March 5, 1959 deed does not purport to describe or convey the disputed realty. In view of our holding above that this deed did not carry title to the disputed tract as an appurtenant easement or as a "strip and gore," it necessarily follows that the respondent has failed to show that he received title to the tract in a regular chain of transfers. For this reason we conclude as a matter of law that the respondent has not established title under the three years' statute of limitations.

In accordance with the conclusions of law reached above, the judgments of the trial court and the Court of Civil Appeals are reversed. Judgment is rendered that the petitioners recover of and from the respondent title to and possession of the disputed 50 foot by 140 foot tract south of and adjacent to Lot 18 in Block 21 of the Jarrett Addition to the City of Beaumont, Jefferson County, Texas.