Herbert **PEBSWORTH** et ux., Appellants,

v.

Henry A. **BEHRINGER** et ux., Appellees.

No. 5732.

Court of Civil Appeals of Texas, Waco.

May 5, 1977.

Rehearing Denied June 9, 1977.

Bill Vannatta, Clark & Vannatta, Waco, for appellants.

Vance Dunnam, Dunnam, Dunnam & Dunnam, Waco, for appellees.

OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiffs Pebsworth from summary judgment they take nothing in their trespass to try title suit for the north one-half of a 7.81 acre tract in the J. A. Manchaca Survey, McLennan County, Texas; (and further decreeing fee simple title to such property in defendants Behringer).

Plaintiffs Pebsworth sued defendants Behringer in trespass to try title for the north one-half of the 200 foot wide former railroad easement containing approximately 3.905 acres. Plaintiffs claimed record title as well as title by limitations. Defendants answered by general denial and plea of not guilty.

Schematic Diagram

L. Cohen is common source of title and owned all of Block 5 in 1893. 1) On April 1, 1901 Cohen conveyed to Calvert, Waco & Brazos Valley Railroad a railroad right-of-way easement over the 7.81 acres. 2) On November 26, 1901 Cohen conveyed to W. E. Hall 6¼ acres from Lot 5 being all the land lying between the "railroad right-of-way * * and lot 6". 3) On October 27, 1905 Cohen conveyed Block 5, "100 acres of land less 8 acres sold to * * railroad and about 6 acres sold to Hall" to Herman Miller.

The land described in the deed from Cohen to Hall passed by a regular chain of conveyances to Dulaney, and from Dulaney to defendant Behringer in 1947.

The land described in the deed to Miller passed by a regular chain of conveyances to Strunck and wife, and from the Struncks to plaintiffs Pebsworth on November 4, 1966.

The railroad abandoned its right-of-way in 1970 and quitclaimed such right-of-way to the Pebsworths in 1975.

Both sides moved for summary judgment.

The trial court granted summary judgment that plaintiffs take nothing and decreed title and possession of the north or northwest one-half of the 7.81 acre tract conveyed by Cohen to the railroad for railroad right-of-way in defendant Behringer.

Plaintiffs appeal on 3 points contending the trial court erred:

1) In not granting plaintiffs summary judgment.

2) In granting defendants summary judgment.

3) In granting defendants summary judgment because there are fact issues as to limitations.

The trial court in rendering summary judgment for defendant applied the "strip and gore" doctrine of construction to deeds, and decreed title to the north one-half of the 7.81 acres was in Behringer.

Common source of title was Cohen. In April 1901 Cohen conveyed a 7.81 acre strip

**504**

thru his land to the railroad for right-of-way. In November 1901 Cohen conveyed to Hall 6¼ acres which had been cut off from the remainder of his land by the railroad right-of-way. Behringer now owns the 6¼ acres conveyed to Hall.

In 1905 Cohen conveyed Block 5, "100 acres less 8 acres sold to * * railroad and about 6 acres sold to Hall" to Miller. Pebsworth now owns the property sold to Miller.

 A deed to land abutting on a railroad right-of-way conveys title to the center of the right-of-way unless the contrary intention is expressed in the instrument. *State v. Fuller,* Tex., 407 S.W.2d 215, *Angelo v. Biscamp,* Tex., 441 S.W.2d 524.

In the 1901 deed from Cohen to Hall there was no contrary intention expressed.

We think the trial court properly applied the "strip and gore" doctrine of construction, and that title to the north one-half of the 7.81 acres railroad right-of-way tract is in Behringer.

Plaintiffs' point 3 asserts the trial court erred in granting defendants summary judgment to the north one-half of the 7.81 acre strip because there are fact issues on the question of limitations.

Plaintiffs plead that the railroad abandoned the right-of-way in 1970 and that plaintiffs took possession of the premises, improved same, used same, and paid the taxes on said property and has thereby matured title by limitations. No exception being levelled at such pleadings, same are sufficient to plead limitation under Articles 5507 and 5508, or 5509 VATS. *Lewter v. Dallas County,* CCA (Waco) NRE, 525 S.W.2d 885.

Articles 5507 and 5508 permit a person in peaceable and adverse possession under title or color of title to mature title of limitation in 3 years. The Pebsworth title deraigns from the Cohen to Miller conveyance, and Pebsworths' deed expressly excepts from its terms "7¾ acres of land occupied by the * * railroad right-of-way, and the 6¼ acres conveyed to W.E. Hall * *." Article 5509 requires adverse

possession for 5 years under a deed. Pebsworth acquired quitclaim deed from the railroad to the property in 1975. The five-year holding is not met.

All plaintiffs' points and contentions are overruled.

AFFIRMED.