Victor KRENEK and Dorothy Mae
Charbula, Appellants,

v.

TEXSTAR NORTH AMERICA, INC.
and Ladd Petroleum Corporation,
Appellees.

No. 13–88–604–CV.

Court of Appeals of Texas,
Corpus Christi.

March 29, 1990.
Rehearing Overruled April 26, 1990.

Stephen N. Riner, Houston, for appellants.

Daniel L. Ellwood, Willard I. Boss, Jr., Debra S. Lapin, Houston, for appellees.

Before KENNEDY, UTTER and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

This appeal involves an application of the common law "strip and gore" doctrine. Appellants, Victor Krenek and Dorothy Mae Charbula, brought suit against appellee, Texstar North America, Inc., alleging that Texstar's oil well drained their land. The trial court granted Texstar's motion for summary judgment, finding that appellants had no mineral interest in the drained strip of land. Appellants bring three points of error. We affirm the trial court's judgment.

Joe and Louise Krenek, appellants' parents, owned a 236 acre tract of land in Wharton County, Texas. On March 29, 1965, they conveyed the surface of 22.843 acres (hereinafter "strip") to the State for use as a highway. Basically, the strip runs down the center of the the Kreneks' 236 acre tract. The Kreneks retained the mineral interest underlying the strip, waiving all rights of ingress and egress to the surface for the purpose of extracting the minerals. Thereafter, Joe died testate, devising all of his property to Louise. On April 26, 1967, Louise conveyed an additional .398 surface acres to the State for the highway, again reserving the minerals. The minerals underlying these two conveyances comprise the 24 acre mineral strip currently in dispute.

On May 29, 1971, Louise died testate. She devised her 106.88 acres lying west of highway 59 and her 105.03 acres lying east of highway 59 to Victor and Dorothy, respectively. Because the 24 acre mineral

estate was not expressly devised, Victor and Dorothy each took, by way of a residuary clause, an undivided one-half interest in the 24 acre mineral strip.[1] Victor, acting as executor of his mother's estate, conveyed to himself the 106.88 acres "lying West of the new State Highway 59 Expressway ... together with all and singular the rights and appurtenances thereto," and he conveyed to Dorothy the 105.03 acres "lying East of the new State Highway 59 Expressway ... together with all and singular the rights and appurtenances thereto." The mineral interest underlying the 24 acre strip was not expressly conveyed in either deed.

Subsequently, Victor conveyed the surface and minerals of his 106.88 acres, and Dorothy did the same with her 105.03 acres. The deeds contain descriptions of the tracts by metes and bounds to the edge of the highway, "together with all and singular the rights and appurtenances thereto." The conveyances were made subject to various utility and road easements.

Texstar acquired an oil and gas lease on the 106.88 acre tract and drilled a well which produced in paying quantities. Appellants sued Texstar for drainage of the 24 acre strip, asserting their alleged mineral interest. By appellants' first two points of error, they contend that the trial court erred by granting Texstar's motion for summary judgment and by denying appellants' motion for partial summary judgment. Since both points involve the same issue, title to the mineral strip, we will dispose of them simultaneously.

▉ When reviewing the granting of a summary judgment, this Court follows three well-established principles: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law; 2) when deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant

is taken as true, and 3) every reasonable inference is indulged in favor of the non-movant and any doubts resolved in its favor. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Dieter v. Baker Service Tools*, 776 S.W.2d 781, 783 (Tex.App.—Corpus Christi 1989, writ denied). A defendant is entitled to prevail on a motion for summary judgment if he establishes as a matter of law that no genuine issue of material fact exists on one or more elements of the plaintiff's cause of action. *Dieter*, 776 S.W.2d at 783.

In the present case, there is no dispute of fact. The dispute concerns the legal consequence of the conveyances described above. Texstar contends that, by application of the strip and gore doctrine, appellants no longer own the mineral interest in the 24 acre strip. The issue is whether the descriptions in the deeds executed by Victor and Dorothy, conveying their respective acres, operate to transfer title to the center of highway 59. We hold that they do.

### The Strip and Gore Doctrine.

▉ It is a well-established rule of the common law that absent an express reservation to the contrary, a conveyance of land bounded on a public highway carries with it the fee to the center of the road as part and parcel of the grant. *State v. Williams*, 335 S.W.2d 834, 836 (Tex.1960); *Goldsmith v. Humble Oil & Refining Co.*, 145 Tex. 549, 199 S.W.2d 773, 775 (1947); *Cantley v. Gulf Production Co.*, 135 Tex. 339, 143 S.W.2d 912, 915 (1940); *Cox v. Campbell*, 143 S.W.2d 361, 362 (Tex.1940); *Rio Bravo Oil Co. v. Weed*, 121 Tex. 427, 50 S.W.2d 1080, 1083 (1932); *Mitchell v. Bass*, 26 Tex. 372, 380 (1862); *Texas Bitulithic Co. v. Warwick*, 293 S.W. 160, 162 (Tex.Comm'n App.1927, judgm't adopted). This presumption of intent to convey title to the center of the highway applies if the appurtenant strip exists in fact at the time of the conveyance. *Williams*, 335 S.W.2d at 836. *Cf. Goldsmith*, 199 S.W.2d at 776

---

**1.** Appellants take under the residuary clause because, as later discussed, the strip and gore doctrine would not apply to the conveyance between Louise and her children since Louise,

as grantor, owned the tracts abutting both sides of the highway. *See Rio Bravo Oil Co. v. Weed*, 121 Tex. 427, 50 S.W.2d 1080, 1083 (1932).

(where the road was not in existence when the deed was executed). Furthermore, the presumption is not overcome by the fact that the deed describes the abutting land by metes and bounds extending to the edge of the highway. *Williams*, 335 S.W.2d at 836; *Cox*, 143 S.W.2d at 366; *Warwick*, 293 S.W. at 162 (where the deed described the property by metes and bounds, stopping at the street line). On the other hand, the presumption does not apply if the grantor owns land abutting *both* sides of the strip. *Rio Bravo*, 50 S.W.2d at 1086; *Couch v. Texas & Pacific Railway Co.*, 99 Tex. 464, 90 S.W. 860, 861 (1906). Likewise, the presumption does not apply if the strip is larger and more valuable than the conveyed tract. *Angelo v. Biscamp*, 441 S.W.2d 524, 527 (Tex.1969).

■ Applying the foregoing principles, we reach the inescapable conclusion that Victor and Dorothy conveyed the mineral strip. Any other construction would nullify the rule repeatedly announced by the Texas Supreme Court. Appellants' deeds conveyed tracts abutting the highway, using a metes and bounds description to the edge of the highway. The highway existed at the time of the conveyance. The two tracts did *not* have a common grantor for the relevant conveyance, i.e., Victor conveyed his west half and Dorothy conveyed her east half. Lastly, we find that the strip (2,860 feet by 330 feet or 24 acres) was not larger than the conveyed tracts, recognizing that each appellant owned a one-half (12 acre) interest. Having considered all the relevant factors, we hold that as a matter of law, appellants conveyed the strip when they conveyed their tracts; consequently, they had no mineral interest that could have been drained by Texstar.

■ Appellants, within their first point of error, argue that Texstar is estopped to deny appellants' title to the minerals by virtue of Texstar's acceptance of the oil and gas lease and Texstar's payment of delay rentals. Assuming Texstar could be estopped, appellants' point nevertheless fails because the argument clearly was not presented to the trial court and was therefore waived. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); Tex.R.Civ.P. 166a(c). Appellants' first and second points of error are overruled.

By their third point of error, appellants contend that the trial court erred when it granted Texstar's motion for a protective order and, as a sanction, awarded Texstar $750.00 in attorney's fees. Appellants claim that *after* the trial court entered the summary judgment in favor of Texstar, appellants discovered additional evidence. In connection with this "new evidence," appellants served Texstar with a second request for production of documents. The summary judgment was rendered *prior* to this discovery request. In response, Texstar filed a motion for a protective order and sanctions, asserting that there was no longer a dispute pending between appellants and Texstar.

■ Under Texas Rule of Civil Procedure 166a, a court may adjudicate claims upon which there are no genuine issues of material fact. The clear purpose of Rule 166a is to make the issues determined in the motion for summary judgment final. *Linder v. Valero Transmission Company*, 736 S.W.2d 807, 810 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *City of Houston v. Socony Mobil Oil Company*, 421 S.W.2d 427, 430 (Tex.Civ.App.—Houston [1st Dist.] 1967, writ ref'd n.r.e.). The issues decided cannot be further litigated unless the summary judgment is set aside by the trial court or reversed on appeal. *Linder*, 736 S.W.2d at 810; *Socony*, 421 S.W.2d at 430.

■ To be final, a summary judgment must dispose of all parties and issues in a lawsuit. *Chase Manhattan Bank, N.A. v. Fourteenth Court of Appeals*, 33 Tex.Sup. Ct.J. 278, 279, 1990 WL 17468 (Feb. 28, 1990) (orig. proceeding); *Teer v. Duddlesten*, 664 S.W.2d 702, 703 (Tex.1984). A summary judgment granted on separate issues within a single cause of action is partial and interlocutory until all of the issues are either adjudicated or ordered severed by the trial court. *Chase*, 33 Tex. Sup.Ct.J. at 279; *Pan American Petroleum Corp. v. Texas Pacific Coal & Oil Co.*, 159 Tex. 550, 324 S.W.2d 200 (1959). The finality of a summary judgment is not

based on the severability of issues, parties, or causes of action. *Chase*, 33 Sup.Ct.J. at 279; *Pan American*, 324 S.W.2d at 200.

■ The summary judgment was interlocutory at the time the discovery request was made because Texstar had yet to be severed from the remaining cause of action between appellants and defendant Ladd Petroleum. The summary judgment, however, disposed of all claims between appellants and defendant Texstar. *Cf. Chase*, 33 Tex.Sup.Ct.J. at 279 (where the discovery request concerned the defendant's counterclaims, and those counterclaims where not addressed in the summary judgment). Furthermore, appellants' discovery request concerned an issue that had already been disposed of by the trial court's summary judgment. Thus, the narrow issue presented is whether an interlocutory summary judgment disposing of a specific issue is final in the sense that appellants may not conduct further discovery relating solely to that issue. We hold that although the judgment was interlocutory at the time of the discovery request, the issue was final for purposes of further litigation at the trial level, including discovery. Any other result would significantly impair the purpose of a summary judgment proceeding.

■ Furthermore, assuming there was a legitimate need for the discovery of this evidence, appellants could have avoided this result either by conducting adequate discovery *prior* to the hearing on the motions for summary judgment or by seeking a continuance as provided by Texas Rule of Civil Procedure 166a(f). Therefore, the trial court was within its discretion under Texas Rule of Civil Procedure 215 to impose a sanction by assessing, against appellants, Texstar's costs of filing a response. Point of error three is overruled, and the judgment of the trial court is AFFIRMED.

UTTER, J., not participating.