Opinion filed June 3, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00034-CV       

                                                    __________

 

                          ESCONDIDO
SERVICES, LLC, Appellant

 

                                                             V.

 

           VKM HOLDINGS,
LP; CHESAPEAKE OPERATING, INC.; 

                AND
CHESAPEAKE EXPLORATION, L.L.C., Appellees



 

                                   On
Appeal from the 236th District Court

                                                          Tarrant
County, Texas

                                           Trial Court
Cause No. 236-228431-08

 



 

                                                                  O
P I N I O N

 

This
appeal involves an application of the strip and gore doctrine in the context of
a mineral estate lying underneath a strip of land conveyed to the State for the
construction of a highway.  The trial court concluded that the mineral estate
underneath the highway strip was conveyed under the strip and gore doctrine
when its owners conveyed tracts of land adjacent to the strip.  We affirm.

Background
Facts

            Joe
W. Crouch Jr. is the common source of title to all of the tracts at issue in
this appeal.  He obtained title to a 319-acre tract of property by virtue of a
partition deed executed in 1983. Joe W. Crouch Jr., joined by his wife, Norma
Sue Crouch, subsequently conveyed a 14.808-acre tract out of the original
319-acre tract to the State of Texas in a deed executed in 1997.  The deed from
the Crouches to the State stated that the conveyance was “for the purposes of
facilitating the construction, maintenance and operation of a Controlled Access
Highway facility.”  The Crouches expressly reserved “all of the oil, gas and
sulphur in and under the land herein conveyed” but “waiv[ed] all rights of
ingress and egress to the surface thereof for the purpose of exploring,
developing, mining or drilling for same.”

The
Crouches subsequently conveyed the tracts that were adjacent to the highway
strip to  Crowley Farmland Partners, L.P. in a deed executed on November 21,
2000, with an effective date of January 9, 2001.  The conveyance from the
Crouches to Crowley Farmland Partners included four tracts.  The field notes
for “Tract II” of the conveyance indicated that it is located along the north
and west sides of the highway strip.  The description for Tract II set out in
the field notes included the north and west boundary lines of the highway strip
as part of the boundary line of Tract II.  The field notes for “Tract III” of
the conveyance indicated that it is located along the south side of the highway
strip.  The description for Tract III set out in the field notes included the
south boundary line of the highway strip as part of the boundary line of Tract III. 
The Crouches did not reserve any minerals in this conveyance to Crowley
Farmland Partners.

Appellees,
VKM Holdings, LP; Chesapeake Operating, Inc.; and Chesapeake Exploration,
L.L.C., are successors-in-interest of the tracts of land conveyed by the
Crouches to Crowley Farmland Partners.  They assert that the Crouches conveyed
their mineral estate lying underneath the highway strip to Crowley Farmland
Partners under the strip and gore doctrine when they conveyed the tracts that
are adjacent to the highway strip.

In
2001, Crowley Farmland granted by special warranty deed (without reservation)
the tracts to Crowley 100, L.P.  That deed also expressly described the tracts
as bounding the “right-of-way of said Farm to Market Highway No. 1187” and the
“right-of-way of proposed Highway No. 1187 bypass.”  In December 2004, Crowley
100 granted to VKM by mineral deed without reservation all of the oil, gas, and
other minerals under the tracts of the Crowley 100 deed.  In 2005, VKM executed
a lease to FSOC Gas Co. Ltd.; that lease was assigned to Chesapeake
Exploration, L.L.C. effective June 1, 2006.  Chesapeake pooled that acreage in
the VKM lease and began drilling operations in March 2007.   

Appellant,
Escondido Services, LLC, also claims title to the mineral estate underneath the
highway strip through the Crouches.  In 2008, Norma Sue Crouch conveyed the
mineral estate underneath the highway strip to appellant in a quitclaim deed. 
The quitclaim deed was backdated to be “effective for all purposes as of January
10, 2007.”[1] 
Appellant contends that Mrs. Crouch continued to own the mineral estate in 2007
at the time she executed the quitclaim deed.  Appellant reasons that the
mineral estate underneath the highway strip was not conveyed under the strip
and gore doctrine to Crowley Farmland Partners when the Crouches conveyed the
tracts adjacent to the highway strip.

Procedural
Facts

            Appellant
filed a trespass to try title action against appellees alleging trespass,
conversion, and theft arising from the extraction of minerals underneath the
highway strip.  Appellant subsequently filed a motion for partial summary
judgment seeking to establish that it possesses superior title to the mineral
estate underneath the highway strip.  Appellant also sought partial summary
judgment on no-evidence grounds with respect to appellees’ defense to the
trespass-to-try-title claim.  By its motion for a no-evidence summary judgment,
appellant sought on various legal grounds to preemptively negate appellees’
reliance on the strip and gore doctrine.  Appellees filed written responses to
appellant’s motion for partial summary judgment in which they asserted an
application of the strip and gore doctrine to defeat appellant’s motion for
partial summary judgment.  Appellees subsequently filed their own motion for
summary judgment seeking to establish their superior title in the mineral
estate underneath the highway strip under the strip and gore doctrine.

            The
trial court considered the competing motions for summary judgment at a hearing
on November 14, 2008.  The trial court granted appellees’ motion for summary
judgment and denied appellant’s motion for partial summary judgment.  Accordingly,
the trial court entered a “take-nothing” judgment against appellant based upon
its determination that appellees have superior title as a matter of law under
the strip and gore doctrine.  Appellant challenges the trial court’s judgment
in four issues.  The first three issues raise legal grounds that appellant
raised in its motion for partial summary judgment that would preclude an
application of the strip and gore doctrine to the conveyance to Crowley Farmland
Partners.  In its fourth issue, appellant contends that appellees failed to
meet their evidentiary burden to conclusively establish the applicability of the
strip and gore doctrine.  

Scope
and Standard of Review

When both parties move for summary judgment and the trial court grants one motion and
denies the other, the appellate court considers the summary judgment evidence
presented by both sides and determines all questions presented.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000).   If the
appellate court determines the trial court erred, it must render the judgment
the trial court should have rendered.  Valence Operating, 164 S.W.3d at
661; FM Props., 22 S.W.3d at 872.

               We
review the trial court’s ruling on a motion for summary judgment de novo.  Dorsett, 164 S.W.3d at 661; Provident Life &
Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  When
reviewing a summary judgment, we take as true all evidence favorable to the
nonmovant, indulging every reasonable inference and resolving any doubts in the
nonmovant's favor.  Knott, 128 S.W.3d at 215.  A trial court must
grant a traditional motion for summary judgment
if the moving party establishes that no genuine issue of material fact exists
and that the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Lear
Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  A trial court
must grant a no-evidence motion for summary judgment unless the nonmovant
produces more than a scintilla of probative evidence to raise a genuine issue
of material fact.  Tex. R. Civ. P.
166a(i); Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502, 506 (Tex. 2002).

The General Rule

               As
far back as 1862, the Texas Supreme Court in Mitchell v. Bass, 26 Tex.
372, 380 (Tex. 1862), adopted a general rule where a grantor conveyed an
easement or right-of-way for a public road and retained the underlying fee,
including the minerals:

The established
doctrine of the common law is, that a conveyance of land bounded on a public
highway carries with it the fee to the center of the road . . . .  Such is the
legal construction of the grant unless the inference that it was so intended is
rebutted by the express terms of the grant.  The owners of the land on each
side go to the center of the road, and they have the exclusive right to the
soil, subject to the right of passage in the public.

 

               Many
courts have referred to two doctrines as justification for the general rule:
(1) the appurtenance doctrine and (2) the strip and gore doctrine.  The
appurtenance doctrine is based on the presumption that a conveyance reflects an
intention to carry with it the appurtenant easements and incidents belonging to
the property at the time of the conveyance.  Angelo v. Biscamp, 441
S.W.2d 524, 526 (Tex. 1969); Rio Bravo Oil Co. v. Weed, 50 S.W.2d 1080,
1085 (Tex. 1932).   Appurtenances include all rights and interests necessary
for the full enjoyment of the property conveyed.  Pine v. Gibraltar Sav.
Ass’n, 519 S.W.2d 238, 241 (Tex. Civ. App.—  Houston [1st Dist.]
1974, writ ref’d n.r.e.).[2]


The
Strip and Gore Doctrine

            The
strip and gore doctrine is essentially a presumption that, when a grantor conveys  land
he owns adjacent to a narrow strip that thereby ceases to be of benefit or
importance to him, he also conveys the narrow strip unless he plainly and
specifically reserves the strip for himself in the deed by plain and specific
language.  Angelo, 441 S.W.2d at 526; Cantley v. Gulf Prod. Co.,
143 S.W.2d 912, 915 (Tex. 1940).  The presumption is intended to apply to
relatively narrow strips of land that are small in size and value in comparison
to the adjoining tract conveyed by the grantor.  Angelo, 441 S.W.2d at
526-27.  Under the presumption, a conveyance of land bounded by a public
highway carries with it the fee to the center of the road as part and parcel of
the grant.  This is the legal construction of the grant unless the presumption
that the strip was included in the grant is rebutted by the express terms of
the grant.  State v. Williams,  335 S.W.2d 834, 836 (Tex. 1960) (quoting
Mitchell, 26 Tex. at 380).  A legal description that defines the
property conveyed as extending only to the boundary of the highway does not
expressly rebut the presumption that the conveyance extends to the center of
the highway.  See Williams, 335 S.W.2d at 836; Krenek v. Texstar N.
Am., Inc., 787 S.W.2d 566, 568 (Tex. App.— Corpus Christi 1990, writ
denied).

Analysis

            Appellant
asserts in its first issue that the strip and gore doctrine is not applicable
to a mineral interest lying underneath a separately conveyed fee estate to the
State.  It cites Goldsmith v. Humble Oil & Ref. Co., 199 S.W.2d
773, 776-77 (Tex. 1947), in support of this proposition.  Goldsmith
involved a small strip of land located adjacent to a one-acre block.  199
S.W.2d at 775.  The court noted that the strip “was not an existing road,
passageway or alley in which an easement had been created or acquired when the
deed [to the adjoining one-acre block] was executed.”  Id. at 776.  Citing
Weed, 50 S.W.2d at 1085, the court in Goldsmith noted that the
reason given for the “presumption of intention to convey to the center of the
street or highway” is “the fact that valuable rights and privileges appurtenant
to property should be presumed to pass in a conveyance thereof in the absence
of a clear and unequivocal intention to the contrary.”  199 S.W.2d at 776.  The
court concluded in Goldsmith that the presumption was inapplicable
because the grantor’s title in the strip was not burdened by an existing
easement creating a highway, street, road, passageway, or alley that provided
an appurtenant right or benefit to the neighboring tract being conveyed. 
Appellant contends that the strip and gore doctrine is inapplicable in this
case under Goldsmith because the mineral estate underneath the highway
strip arose by virtue of a deed rather than an easement and that the mineral
estate was of no benefit to the tracts subsequently conveyed to Crowley
Farmland Partners.

            Appellant’s
reliance on Goldsmith is misplaced.  The facts in Goldsmith are
distinguishable because the Crouches had earlier conveyed the highway strip
from their larger tract of property to the State for the construction of a
highway.  Furthermore, the fact that the conveyance to the State occurred as a
result of a deed rather than an easement is of no practical consequence.  Even
more important, the grantor’s property interest in the strip does not have to
benefit his property interest in the larger tract being conveyed in order for
the strip and gore doctrine to apply.  The Texas Supreme Court recognized this
principle in Angelo when it distinguished the “appurtenance doctrine”
discussed in Weed from the strip and gore doctrine discussed in Cantley
and in Strayhorn v. Jones, 300 S.W.2d 623 (Tex. 1957).  Angelo,
441 S.W.2d at 526.  The strip and gore doctrine is based on the rationale that
the strip ceases to be of benefit or importance to the grantor.  Angelo,
441 S.W.2d at 526-27.  Accordingly, the fact that the mineral interest
underneath the highway strip may not benefit the larger adjoining tracts
conveyed to Crowley Farmland Partners does not preclude the application of the
strip and gore doctrine.

            We
would additionally note that in Reagan v. Marathon Oil Co., 50 S.W.3d 70,
80 (Tex. App.—Waco 2001, no pet.), the court determined that the strip and gore
doctrine was applicable to a mineral estate lying beneath a public highway in
which the State held a fee estate in the surface.  See also Krenek, 787
S.W.2d at 567-68.  The facts in Reagan are analogous to the facts in
this appeal.  We agree with the holding in Reagan that a mineral
interest underneath a highway reserved in a deed to the State is subject to the
strip and gore doctrine.  Appellant’s first issue is overruled.

            In
its second issue, appellant asserts that the strip and gore doctrine is
inapplicable because there is no ambiguity in the deed from the Crouches to
Crowley Farmland Partners.  Appellant cites McKee v. Stewart, 162 S.W.2d
948 (Tex. 1942), in support of this proposition.  McKee involved the
conveyance of a tract located near a creek.  The deed conveying the tract did
not include the creek as a boundary.  McKee,162 S.W.2d at 950.  Instead,
the deed referenced a straight line near the creek as its boundary.  The court
did not apply the strip and gore doctrine on the basis that there was no
uncertainty or ambiguity as to the land intended to be conveyed either
appearing on the face of the deed or arising from an attempt to apply the
description on the ground.  Id.; see Miller v. Crum, 314 S.W.2d
389, 395 (Tex. Civ. App.—Fort Worth 1958, no writ).  In reaching its holding,
the court in McKee distinguished the conveyance at issue in Cantley. 
The court concluded that there was “uncertainty” with the conveyance at
issue in Cantley because the deed in Cantley called for a road as
a boundary without express words indicating whether the grantor intended to
convey or reserve the fee that he owned in the road.  McKee, 162 S.W.2d
at 950; Cantley, 143 S.W.2d at 914.

            The
conveyance at issue in this appeal is more similar to the conveyance in Cantley
than the conveyance in McKee.  The deed from the Crouches to Crowley
Farmland Partners uses the boundaries of the highway strip conveyed to the
State as boundaries for Tracts II and III in the conveyance.  As was the case
in Cantley, there is uncertainty as to the land to be conveyed because
the deed from the Crouches to Crowley Farmland Partners does not expressly
indicate whether the Crouches intended to convey or reserve their mineral
interest underneath the highway strip.  McKee, 162 S.W.2d at 950. 
Appellant’s second issue is overruled.

            Appellant
asserts in its third issue that the strip and gore doctrine does not apply
because the highway for which the highway strip was conveyed to the State did
not exist at the time the adjoining tracts were conveyed to Crowley Farmland
Partners.  In this regard, appellant’s use of the term “highway” refers to the
improved roadway upon which vehicles actually travel rather than the wider highway
strip wherein the actual roadway would be constructed.  In considering
appellant’s third issue, we assume that it is correct in asserting that the
highway had not been constructed at the time of the conveyance to Crowley
Farmland Partners.[3]

Appellant
cites Goldsmith for the proposition that the actual roadway has to be in
existence in order for the strip and gore doctrine to apply.  We disagree.  In Goldsmith,
the court emphasized that there was nothing in the record to even indicate an
intention on the part of the grantor to create an easement or to dedicate any
land for a road or any purpose.  The strip did not exist until the deed of conveyance
purported to convey the strip but failed to include it in the metes and bounds. 
Goldsmith, 199 S.W.2d at 776-77.  The critical factor in applying the
strip and gore doctrine is the existence of the strip at the time of the
conveyance rather than the roadway that may subsequently be constructed within
the strip.  See Williams, 335 S.W.2d at 836 (“[t]he rule herein announced
should be applied if it appears that the appurtenant strip exists in
fact” (emphasis added)); Krenek, 787 S.W.2d at 568 (“[t]his presumption
of intent to convey title to the center of the highway applies if the
appurtenant strip exists in fact at the time of the conveyance” (emphasis
added)).  There is no dispute that the highway strip existed at the time of the
conveyance to Crowley Farmland Partners because the Crouches conveyed the strip
in a prior conveyance.  Furthermore, the deed to Crowley Farmland Partners
included the boundaries to the highway strip as a part of the boundaries for
Tracts II and III.  Appellant’s third issue is overruled.

In
its fourth issue, appellant asserts that appellees did not meet their burden to
establish their entitlement to summary judgment under the strip and gore
doctrine as a matter of law.  As stated by the Texas Supreme Court in Angelo,
the requirements for applying the strip and gore doctrine are as follows:

It is our conclusion
that this doctrine was conceived and intended to apply to relatively narrow
strips of land, small in size and value in comparison to the adjoining tract
conveyed by the grantor.  In these instances, when it is apparent that the
narrow strip has ceased to be of benefit or importance to the grantor of the
larger tract, it can be presumed that the grantor intended to convey such a
strip.

 

Angelo, 441 S.W.2d at
526-27 (emphasis added, citations omitted).

 

Based
on the quote from Angelo, one court stated that the strip and gore
doctrine requires the strip (1) to be small in comparison to the land conveyed,
(2) to be adjacent to or surrounded by the land conveyed, (3) to belong to the
grantor at the time of conveyance, and (4) to be of insignificant or little
practical value.  Glover v. Union Pac. R.R. Co., 187 S.W.3d 201,
212 (Tex. App.—Texarkana 2006, pet. denied) (citing Alkas v. United
Sav. Ass'n of Tex., Inc., 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi
1984, writ ref’d n.r.e.)).  Appellant argues that there was no evidence on the
fourth requirement or there was at least a fact question.  Although Glover 
stated the fourth requirement is that the strip has “to be of insignificant or
little practical value,” we believe the fourth requirement should be stated as
in Angelo:  the “strip has ceased to be of benefit or importance to the
grantor of the larger tract.”  Angelo, 441 S.W.2d at 527; see Cantley,
143 S.W.2d at 915.[4]

There
was summary judgment evidence to show that the Crouches’ mineral interest
underneath the highway strip ceased to be of benefit or importance to the
Crouches at the time of the conveyance of the adjacent tracts to Crowley
Farmland Partners: (1) in their deed to the State, the Crouches reserved the
oil, gas, and sulphur, but waived the rights of ingress and egress to the tract
for purposes of exploring for and developing minerals and (2) in their deed to
Crowley Farmland Partners, the Crouches did not reserve any minerals.  The
benefit or importance of the strip to the Crouches is determined at the time of
their conveyance to Crowley Farmland Partners.  See Glover, 187 S.W.3d
at 212.  This evidence was sufficient to show that the narrow strip had ceased
to be of any benefit or importance to the Crouches.  Having no access to the
minerals under the strip after the conveyance to Crowley Farmland Partners, it
is reasonable to presume that the Crouches intended to include the strip in the
conveyance.  The burden then shifted to appellant to present evidence that the
Crouches did not intend to convey their mineral interest in the narrow strip to
Crowley Farmland Partners.

            Appellant’s
only evidence that the strip had not “ceased to be of benefit or importance” to
the Crouches at the time of the conveyance was a mineral lease dated July 5,
2001, covering minerals for property five miles from the highway strip.  The
conveyance to Crowley Farmland Partners was in November 2000.  The benefit or
importance had to be determined as of that time, not by subsequent events.  Therefore,
appellant presented no evidence to raise a fact question.  From appellees’ uncontradicted
evidence, it is apparent that the narrow strip ceased to be of benefit or
importance to the Crouches at the time of their conveyance to Crowley Farmland
Partners.  Appellant’s fourth issue is overruled.

This Court’s Ruling

The
trial court’s judgment is affirmed.

 

                                                                                                                                                                                                                                                                                                                                                TERRY
McCALL

                                                                                    JUSTICE

 

June 3, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The record reflects that Joe W. Crouch Jr. died on
August 31, 2002.  Mrs. Crouch executed the quitclaim deed to appellant in her
individual capacity and in her capacity as trustee of the Crouch Family Trust.





[2]See William G. Bredthauer & Shawna Snellgrove
Rinehart, Ownership and Leasing of Minerals Under Highways and Right-of-Ways,
16 Tex. Wesleyan L. Rev. 3, 8-9 
(2009), for a discussion of the distinction between the appurtenance doctrine
and the strip and gore doctrine.





[3]There is summary judgment evidence indicating that the
State did not award a contract for construction of the road until after the
deed from the Crouches to Crowley Farmland Partners.





[4]The Glover court cited Alkas, but the
court in Alkas stated the fourth requirement as in Angelo:  that
the small tracts were “of no benefit or importance” to the grantor at the time
of the later conveyance.  Alkas, 672 S.W.2d at 857.