# JUNE, 1960

*Will Wilson,* Attorney General, *H. Grady Chandler* and *John*

*B. Webster,* Assistant Attorneys General, for petitioner State of Texas.

The Court of Civil Appeals erred in holding that appellees were entitled to a judgment for partition when the undisputed evidence shows that they do not own any interest in the land or mineral estate thereunder sought to be partitioned. Cantley v. Gulf Production Company, 135 Texas 339, 143 S.W. 2d 912; Hainee v. McLean, 154 Texas 272, 276 S.W. 2d 777; Rio Bravo Oil Co. v. Weed, 121 Texas 427, 50 S.W. 2d 1080.

*Black & Stayton, Thomas Black* and *John W. Stayton,* all of Austin, for petitioner, Texas Company.

Cited Cox v. Campbell, 135 Texas 428, 143 S.W. 2d 361; Sun Oil Co. v. Burns, 125 Texas 549, 84 S.W. 2d 442; Wiess v. Goodhue, 102 S.W. 793, writ of error refused.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a partition suit in which plaintiff-respondent, Bertha Ila Williams, and intervenors, Henry J. Wallace et al., alleged that they were the owners of an undivided 1/4 interest in a strip of land containing 7.047 acres and presently being used as a state highway. The State of Texas answered claiming ownership of the land in controversy. The petitioner, The Texas Company, filed a petition in intervention alleging ownership of an undivided 1/4 mineral interest in the land in controversy. For convenience, the original plaintiff will hereinafter be referred to as Williams; the intervenors, Henry J. Wallace et al. as "the Wallace heirs." The petitioners will hereinafter be designated as The State of Texas and The Texas Company, respectively. Although a partition of the 7.047 acre tract was sought, the issue was squarely presented in the trial court as to whether Williams and the Wallace heirs were the owners of the interest they claimed.

The suit was tried before the court without a jury and resulted in a judgment partitioning the tract of 7.047 acres by awarding to the Wallace heirs a specific tract of 1.76 acres thereof, subject to an oil, gas, and mineral lease owned by Williams. The remainder of the tract was awarded to the State of Texas. On appeal to the Court of Civil Appeals for the Third Supreme Judicial District of Texas, the judgment entered by the trial court was affirmed by a divided court, Justice Hughes dissenting. 326 S.W. 2d 551.

The principal law question presented for this court's determination is whether or not under the undisputed facts the Wallace heirs divested themselves of any interest they may have owned in the 7.047 acre highway strip of land. The facts are undisputed. However, a brief statement of the pertinent facts is necessary to reveal how the law question presented arose. The 7.047 acre highway strip sought to be partitioned is in the form of a strip 145.3 feet in width lying along the southern boundary of a 50 acre tract of land which was devised by the will of H. S. Cobb to Minnie L. Cobb, the common source of title. On March 21, 1923, the Wallace heirs acquired title to an undivided 1/4 interest in this 50 acres out of which the tract of 7.047 acres was formed. In August 1933, Minnie L. Cobb conveyed by warranty deed 3/4 undivided interest in the 7.047 acres to the State Highway Department of Texas.

In January 1941, the Wallace heirs owned the property abutting the highway on the north. On January 14, 1941 they conveyed by deed to H. J. Cobb et al. all their interest in a tract of 17.3 acres. The land was described as "* * * Beginning at the southeast corner which is on U. S. Highway 80 and State Highway 15." The field notes from the southwest corner of the 17.3 acre tract continue "* * * Thence east along the right of way of U. S. Highway 80 — State Highway 15, this also being deeded to the Highway Department by M. L. Cobb, to the place of beginning, and containing 17.3 acres of land, more or less."

On March 29, 1941 the Wallace heirs executed a quit claim deed to Eugene Talbert conveying all their right, title and interest in a tract of land described as "* * * Being all of the H. F. Robinson Survey lying North of the Texas and Pacific Railroad right of way, * * * containing approximately 29 or 30 acres of land."

On April 25, 1941 the Wallace heirs executed a special warranty deed in lieu of the deed dated March 29, 1941 conveying to Eugene Talbert "* * * All that certain parcel of land in the H. F. Robinson Survey, Abstract No. 499, and lying and being north of State Highway No. 15 in Wood County, Texas, and being the same land willed to Minnie L. Cobb by H. S. Cobb, * * * and containing approximately twenty-five acres, more or less."

The State of Texas and The Texas Company contend that the deeds from the Wallace heirs above set out conveyed the interest of the Wallace heirs in the highway because the deeds

describe the southern boundary of the property conveyed as being along the right of way of U. S. Highway 80 and State Highway 15, and do not contain language expressly or impliedly retaining an interest in the highway. We agree with this contention. When a conveyance is made of a piece of property abutting upon a public highway, it is natural to assume, in the absence of an express reservation to the contrary, that the grantor intended to convey the same with all of the beneficial rights enjoyed by him in its use. In the early case of Mitchell v. Bass, 26 Texas 372, this court recognized the common law rule that "* * * the established doctrine of the common law is, that a conveyance of land bounded on a public highway carries with it the fee to the center of the road as part and parcel of the grant. Such is the legal construction of the grant unless the inference that it was so intended is rebutted by the express terms of the grant." See Rio Bravo Oil Company v. Weed, 121 Texas 427, 50 S.W. 2d 1080, 85 A.L.R. 391 (1932) ; Texas Bitulithic Company v. Warwick, Com. App., 293 S.W. 160; Cox v. Campbell, 135 Texas 428, 143 S.W. 2d 361. The presumption of an intent to convey title to the center of the highway in this case is not overcome by the fact that the Wallace heirs in their deeds described the abutting lands by metes and bounds as extending only to the exterior north boundary of the highway. The rule herein announced should be applied if it appears that the appurtenant strip exists in fact. The Wallace heirs expressly recognized by the terms of their deeds that "U. S. Highway 80 —State Highway 15" was in existence at the time of each conveyance and was adjacent to the property conveyed. See Cox v. Campbell, supra, and cases therein cited.

■ The Wallace heirs and Williams recognized that the rule herein followed is supported by sound authority, but contend that certain facts exist in the present case which prevent the application of the rule. It is strenuously argued that The State of Texas owned a 3/4 fee interest in the right of way and the Wallace heirs owned a 1/4 interest, and, that since the record shows such joint fee ownership in the 7.047 acres existed prior to the conveyance by the Wallace heirs, and since The State of Texas did not own an easement on the Wallace heirs' 1/4 interest, the rule of Cox v. Campbell, supra, does not apply. The Wallace heirs owned an undivided 1/4 interest in the 50 acre tract of land. The highway was laid off entirely on the 50 acre tract. When the Wallace heirs conveyed their undivided interest in the 50 acres, the fee title to the interest including the highway vested in their grantees. See Cantley v. Gulf Production Company, 135 Texas 339, 143 S.W. 2d 912.

The further contention is made that the rule should not apply in view of the fact that after the conveyance of the 17.3 acres the Wallace heirs still owned an interest in four tracts of land on the Robinson survey. Ownership of this interest cannot destroy the presumption that the Wallace heirs had no intention of reserving a fee interest in the narrow highway strip here involved. Since the Wallace heirs conveyed all interest they owned in the land adjoining the highway, and since the highway had ceased to be of any importance to them so far as rights of ownership was concerned, the presumption that they intended to include their interest in the highway must prevail.

Our disposition of this question renders it unnecessary to decide the remaining points.

The judgments of the trial court and the Court of Civil Appeals are both reversed and judgment here rendered that the respondents take nothing by their suit.

ASSOCIATE JUSTICE WALKER not sitting.

Opinion delivered May 18, 1960.

Rehearing overruled June 22, 1960.