**Opinion filed June 3, 2010**



In The

# Eleventh Court of Appeals

———————

## No. 11-09-00034-CV

———————

## ESCONDIDO SERVICES, LLC, Appellant

## V.

## VKM HOLDINGS, LP; CHESAPEAKE OPERATING, INC.; AND CHESAPEAKE EXPLORATION, L.L.C., Appellees

**On Appeal from the 236th District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 236-228431-08**

### O P I N I O N

This appeal involves an application of the strip and gore doctrine in the context of a mineral estate lying underneath a strip of land conveyed to the State for the construction of a highway. The trial court concluded that the mineral estate underneath the highway strip was conveyed under the strip and gore doctrine when its owners conveyed tracts of land adjacent to the strip. We affirm.

*Background Facts*

Joe W. Crouch Jr. is the common source of title to all of the tracts at issue in this appeal. He obtained title to a 319-acre tract of property by virtue of a partition deed executed in 1983.

Joe W. Crouch Jr., joined by his wife, Norma Sue Crouch, subsequently conveyed a 14.808-acre tract out of the original 319-acre tract to the State of Texas in a deed executed in 1997. The deed from the Crouches to the State stated that the conveyance was "for the purposes of facilitating the construction, maintenance and operation of a Controlled Access Highway facility." The Crouches expressly reserved "all of the oil, gas and sulphur in and under the land herein conveyed" but "waiv[ed] all rights of ingress and egress to the surface thereof for the purpose of exploring, developing, mining or drilling for same."

The Crouches subsequently conveyed the tracts that were adjacent to the highway strip to Crowley Farmland Partners, L.P. in a deed executed on November 21, 2000, with an effective date of January 9, 2001. The conveyance from the Crouches to Crowley Farmland Partners included four tracts. The field notes for "Tract II" of the conveyance indicated that it is located along the north and west sides of the highway strip. The description for Tract II set out in the field notes included the north and west boundary lines of the highway strip as part of the boundary line of Tract II. The field notes for "Tract III" of the conveyance indicated that it is located along the south side of the highway strip. The description for Tract III set out in the field notes included the south boundary line of the highway strip as part of the boundary line of Tract III. The Crouches did not reserve any minerals in this conveyance to Crowley Farmland Partners.

Appellees, VKM Holdings, LP; Chesapeake Operating, Inc.; and Chesapeake Exploration, L.L.C., are successors-in-interest of the tracts of land conveyed by the Crouches to Crowley Farmland Partners. They assert that the Crouches conveyed their mineral estate lying underneath the highway strip to Crowley Farmland Partners under the strip and gore doctrine when they conveyed the tracts that are adjacent to the highway strip.

In 2001, Crowley Farmland granted by special warranty deed (without reservation) the tracts to Crowley 100, L.P. That deed also expressly described the tracts as bounding the "right-of-way of said Farm to Market Highway No. 1187" and the "right-of-way of proposed Highway No. 1187 bypass." In December 2004, Crowley 100 granted to VKM by mineral deed without reservation all of the oil, gas, and other minerals under the tracts of the Crowley 100 deed. In 2005, VKM executed a lease to FSOC Gas Co. Ltd.; that lease was assigned to Chesapeake Exploration, L.L.C. effective June 1, 2006. Chesapeake pooled that acreage in the VKM lease and began drilling operations in March 2007.

Appellant, Escondido Services, LLC, also claims title to the mineral estate underneath the highway strip through the Crouches. In 2008, Norma Sue Crouch conveyed the mineral estate underneath the highway strip to appellant in a quitclaim deed. The quitclaim deed was backdated to be "effective for all purposes as of January 10, 2007."[1] Appellant contends that Mrs. Crouch continued to own the mineral estate in 2007 at the time she executed the quitclaim deed. Appellant reasons that the mineral estate underneath the highway strip was not conveyed under the strip and gore doctrine to Crowley Farmland Partners when the Crouches conveyed the tracts adjacent to the highway strip.

*Procedural Facts*

Appellant filed a trespass to try title action against appellees alleging trespass, conversion, and theft arising from the extraction of minerals underneath the highway strip. Appellant subsequently filed a motion for partial summary judgment seeking to establish that it possesses superior title to the mineral estate underneath the highway strip. Appellant also sought partial summary judgment on no-evidence grounds with respect to appellees' defense to the trespass-to-try-title claim. By its motion for a no-evidence summary judgment, appellant sought on various legal grounds to preemptively negate appellees' reliance on the strip and gore doctrine. Appellees filed written responses to appellant's motion for partial summary judgment in which they asserted an application of the strip and gore doctrine to defeat appellant's motion for partial summary judgment. Appellees subsequently filed their own motion for summary judgment seeking to establish their superior title in the mineral estate underneath the highway strip under the strip and gore doctrine.

The trial court considered the competing motions for summary judgment at a hearing on November 14, 2008. The trial court granted appellees' motion for summary judgment and denied appellant's motion for partial summary judgment. Accordingly, the trial court entered a "take-nothing" judgment against appellant based upon its determination that appellees have superior title as a matter of law under the strip and gore doctrine. Appellant challenges the trial court's judgment in four issues. The first three issues raise legal grounds that appellant raised in its motion for partial summary judgment that would preclude an application of the strip and gore doctrine to the conveyance to Crowley Farmland Partners. In its fourth issue, appellant contends

---

[1]The record reflects that Joe W. Crouch Jr. died on August 31, 2002. Mrs. Crouch executed the quitclaim deed to appellant in her individual capacity and in her capacity as trustee of the Crouch Family Trust.

that appellees failed to meet their evidentiary burden to conclusively establish the applicability of the strip and gore doctrine.

*Scope and Standard of Review*

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides and determines all questions presented. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). If the appellate court determines the trial court erred, it must render the judgment the trial court should have rendered. *Valence Operating*, 164 S.W.3d at 661; *FM Props.*, 22 S.W.3d at 872.

We review the trial court's ruling on a motion for summary judgment de novo. *Dorsett*, 164 S.W.3d at 661; *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Knott*, 128 S.W.3d at 215. A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). A trial court must grant a no-evidence motion for summary judgment unless the nonmovant produces more than a scintilla of probative evidence to raise a genuine issue of material fact. TEX. R. CIV. P. 166a(i); *Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002).

*The General Rule*

As far back as 1862, the Texas Supreme Court in *Mitchell v. Bass*, 26 Tex. 372, 380 (Tex. 1862), adopted a general rule where a grantor conveyed an easement or right-of-way for a public road and retained the underlying fee, including the minerals:

> The established doctrine of the common law is, that a conveyance of land bounded on a public highway carries with it the fee to the center of the road . . . . Such is the legal construction of the grant unless the inference that it was so intended is rebutted by the express terms of the grant. The owners of the land on each side go to the center of the road, and they have the exclusive right to the soil, subject to the right of passage in the public.

4

Many courts have referred to two doctrines as justification for the general rule: (1) the appurtenance doctrine and (2) the strip and gore doctrine. The appurtenance doctrine is based on the presumption that a conveyance reflects an intention to carry with it the appurtenant easements and incidents belonging to the property at the time of the conveyance. *Angelo v. Biscamp*, 441 S.W.2d 524, 526 (Tex. 1969); *Rio Bravo Oil Co. v. Weed*, 50 S.W.2d 1080, 1085 (Tex. 1932). Appurtenances include all rights and interests necessary for the full enjoyment of the property conveyed. *Pine v. Gibraltar Sav. Ass'n*, 519 S.W.2d 238, 241 (Tex. Civ. App.— Houston [1st Dist.] 1974, writ ref'd n.r.e.).[2]

### The Strip and Gore Doctrine

The strip and gore doctrine is essentially a presumption that, when a grantor conveys land he owns adjacent to a narrow strip that thereby ceases to be of benefit or importance to him, he also conveys the narrow strip unless he plainly and specifically reserves the strip for himself in the deed by plain and specific language. *Angelo*, 441 S.W.2d at 526; *Cantley v. Gulf Prod. Co.*, 143 S.W.2d 912, 915 (Tex. 1940). The presumption is intended to apply to relatively narrow strips of land that are small in size and value in comparison to the adjoining tract conveyed by the grantor. *Angelo*, 441 S.W.2d at 526-27. Under the presumption, a conveyance of land bounded by a public highway carries with it the fee to the center of the road as part and parcel of the grant. This is the legal construction of the grant unless the presumption that the strip was included in the grant is rebutted by the express terms of the grant. *State v. Williams*, 335 S.W.2d 834, 836 (Tex. 1960) (quoting *Mitchell*, 26 Tex. at 380). A legal description that defines the property conveyed as extending only to the boundary of the highway does not expressly rebut the presumption that the conveyance extends to the center of the highway. *See Williams*, 335 S.W.2d at 836; *Krenek v. Texstar N. Am., Inc.*, 787 S.W.2d 566, 568 (Tex. App.— Corpus Christi 1990, writ denied).

### Analysis

Appellant asserts in its first issue that the strip and gore doctrine is not applicable to a mineral interest lying underneath a separately conveyed fee estate to the State. It cites *Goldsmith v. Humble Oil & Ref. Co.*, 199 S.W.2d 773, 776-77 (Tex. 1947), in support of this proposition. *Goldsmith* involved a small strip of land located adjacent to a one-acre block. 199

---

[2]See William G. Bredthauer & Shawna Snellgrove Rinehart, *Ownership and Leasing of Minerals Under Highways and Right-of-Ways*, 16 TEX. WESLEYAN L. REV. 3, 8-9 (2009), for a discussion of the distinction between the appurtenance doctrine and the strip and gore doctrine.

S.W.2d at 775. The court noted that the strip "was not an existing road, passageway or alley in which an easement had been created or acquired when the deed [to the adjoining one-acre block] was executed." *Id.* at 776. Citing *Weed*, 50 S.W.2d at 1085, the court in *Goldsmith* noted that the reason given for the "presumption of intention to convey to the center of the street or highway" is "the fact that valuable rights and privileges appurtenant to property should be presumed to pass in a conveyance thereof in the absence of a clear and unequivocal intention to the contrary." 199 S.W.2d at 776. The court concluded in *Goldsmith* that the presumption was inapplicable because the grantor's title in the strip was not burdened by an existing easement creating a highway, street, road, passageway, or alley that provided an appurtenant right or benefit to the neighboring tract being conveyed. Appellant contends that the strip and gore doctrine is inapplicable in this case under *Goldsmith* because the mineral estate underneath the highway strip arose by virtue of a deed rather than an easement and that the mineral estate was of no benefit to the tracts subsequently conveyed to Crowley Farmland Partners.

Appellant's reliance on *Goldsmith* is misplaced. The facts in *Goldsmith* are distinguishable because the Crouches had earlier conveyed the highway strip from their larger tract of property to the State for the construction of a highway. Furthermore, the fact that the conveyance to the State occurred as a result of a deed rather than an easement is of no practical consequence. Even more important, the grantor's property interest in the strip does not have to benefit his property interest in the larger tract being conveyed in order for the strip and gore doctrine to apply. The Texas Supreme Court recognized this principle in *Angelo* when it distinguished the "appurtenance doctrine" discussed in *Weed* from the strip and gore doctrine discussed in *Cantley* and in *Strayhorn v. Jones*, 300 S.W.2d 623 (Tex. 1957). *Angelo*, 441 S.W.2d at 526. The strip and gore doctrine is based on the rationale that the strip ceases to be of benefit or importance to the grantor. *Angelo*, 441 S.W.2d at 526-27. Accordingly, the fact that the mineral interest underneath the highway strip may not benefit the larger adjoining tracts conveyed to Crowley Farmland Partners does not preclude the application of the strip and gore doctrine.

We would additionally note that in *Reagan v. Marathon Oil Co.*, 50 S.W.3d 70, 80 (Tex. App.—Waco 2001, no pet.), the court determined that the strip and gore doctrine was applicable to a mineral estate lying beneath a public highway in which the State held a fee estate in the surface. *See also Krenek*, 787 S.W.2d at 567-68. The facts in *Reagan* are analogous to the facts

6

in this appeal. We agree with the holding in *Reagan* that a mineral interest underneath a highway reserved in a deed to the State is subject to the strip and gore doctrine. Appellant's first issue is overruled.

In its second issue, appellant asserts that the strip and gore doctrine is inapplicable because there is no ambiguity in the deed from the Crouches to Crowley Farmland Partners. Appellant cites *McKee v. Stewart*, 162 S.W.2d 948 (Tex. 1942), in support of this proposition. *McKee* involved the conveyance of a tract located near a creek. The deed conveying the tract did not include the creek as a boundary. *McKee*, 162 S.W.2d at 950. Instead, the deed referenced a straight line near the creek as its boundary. The court did not apply the strip and gore doctrine on the basis that there was no uncertainty or ambiguity as to the land intended to be conveyed either appearing on the face of the deed or arising from an attempt to apply the description on the ground. *Id.*; *see Miller v. Crum*, 314 S.W.2d 389, 395 (Tex. Civ. App.—Fort Worth 1958, no writ). In reaching its holding, the court in *McKee* distinguished the conveyance at issue in *Cantley*. The court concluded that there was "uncertainty" with the conveyance at issue in *Cantley* because the deed in *Cantley* called for a road as a boundary without express words indicating whether the grantor intended to convey or reserve the fee that he owned in the road. *McKee*, 162 S.W.2d at 950; *Cantley*, 143 S.W.2d at 914.

The conveyance at issue in this appeal is more similar to the conveyance in *Cantley* than the conveyance in *McKee*. The deed from the Crouches to Crowley Farmland Partners uses the boundaries of the highway strip conveyed to the State as boundaries for Tracts II and III in the conveyance. As was the case in *Cantley*, there is uncertainty as to the land to be conveyed because the deed from the Crouches to Crowley Farmland Partners does not expressly indicate whether the Crouches intended to convey or reserve their mineral interest underneath the highway strip. *McKee*, 162 S.W.2d at 950. Appellant's second issue is overruled.

Appellant asserts in its third issue that the strip and gore doctrine does not apply because the highway for which the highway strip was conveyed to the State did not exist at the time the adjoining tracts were conveyed to Crowley Farmland Partners. In this regard, appellant's use of the term "highway" refers to the improved roadway upon which vehicles actually travel rather than the wider highway strip wherein the actual roadway would be constructed. In considering

appellant's third issue, we assume that it is correct in asserting that the highway had not been constructed at the time of the conveyance to Crowley Farmland Partners.[3]

Appellant cites *Goldsmith* for the proposition that the actual roadway has to be in existence in order for the strip and gore doctrine to apply. We disagree. In *Goldsmith*, the court emphasized that there was nothing in the record to even indicate an intention on the part of the grantor to create an easement or to dedicate any land for a road or any purpose. The strip did not exist until the deed of conveyance purported to convey the strip but failed to include it in the metes and bounds. *Goldsmith*, 199 S.W.2d at 776-77. The critical factor in applying the strip and gore doctrine is the existence of the strip at the time of the conveyance rather than the roadway that may subsequently be constructed within the strip. *See Williams*, 335 S.W.2d at 836 ("[t]he rule herein announced should be applied if it appears that the appurtenant *strip* exists in fact" (emphasis added)); *Krenek,* 787 S.W.2d at 568 ("[t]his presumption of intent to convey title to the center of the highway applies if the appurtenant *strip* exists in fact at the time of the conveyance" (emphasis added)). There is no dispute that the highway strip existed at the time of the conveyance to Crowley Farmland Partners because the Crouches conveyed the strip in a prior conveyance. Furthermore, the deed to Crowley Farmland Partners included the boundaries to the highway strip as a part of the boundaries for Tracts II and III. Appellant's third issue is overruled.

In its fourth issue, appellant asserts that appellees did not meet their burden to establish their entitlement to summary judgment under the strip and gore doctrine as a matter of law. As stated by the Texas Supreme Court in *Angelo*, the requirements for applying the strip and gore doctrine are as follows:

> It is our conclusion that this doctrine was conceived and intended to apply to relatively narrow strips of land, small in size and value in comparison to the adjoining tract conveyed by the grantor. In these instances, when it is apparent that the narrow strip *has ceased to be of benefit or importance to the grantor of the larger tract*, it can be presumed that the grantor intended to convey such a strip.

*Angelo*, 441 S.W.2d at 526-27 (emphasis added, citations omitted).

---

[3]There is summary judgment evidence indicating that the State did not award a contract for construction of the road until after the deed from the Crouches to Crowley Farmland Partners.

8

Based on the quote from *Angelo*, one court stated that the strip and gore doctrine requires the strip (1) to be small in comparison to the land conveyed, (2) to be adjacent to or surrounded by the land conveyed, (3) to belong to the grantor at the time of conveyance, and (4) to be of insignificant or little practical value. *Glover v. Union Pac. R.R. Co.*, 187 S.W.3d 201, 212 (Tex. App.—Texarkana 2006, pet. denied) (citing *Alkas v. United Sav. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.)). Appellant argues that there was no evidence on the fourth requirement or there was at least a fact question. Although *Glover* stated the fourth requirement is that the strip has "to be of insignificant or little practical value," we believe the fourth requirement should be stated as in *Angelo*: the "strip has ceased to be of benefit or importance to the grantor of the larger tract." *Angelo*, 441 S.W.2d at 527; *see Cantley*, 143 S.W.2d at 915.[4]

There was summary judgment evidence to show that the Crouches' mineral interest underneath the highway strip ceased to be of benefit or importance to the Crouches at the time of the conveyance of the adjacent tracts to Crowley Farmland Partners: (1) in their deed to the State, the Crouches reserved the oil, gas, and sulphur, but waived the rights of ingress and egress to the tract for purposes of exploring for and developing minerals and (2) in their deed to Crowley Farmland Partners, the Crouches did not reserve any minerals. The benefit or importance of the strip to the Crouches is determined at the time of their conveyance to Crowley Farmland Partners. *See Glover*, 187 S.W.3d at 212. This evidence was sufficient to show that the narrow strip had ceased to be of any benefit or importance to the Crouches. Having no access to the minerals under the strip after the conveyance to Crowley Farmland Partners, it is reasonable to presume that the Crouches intended to include the strip in the conveyance. The burden then shifted to appellant to present evidence that the Crouches did not intend to convey their mineral interest in the narrow strip to Crowley Farmland Partners.

Appellant's only evidence that the strip had not "ceased to be of benefit or importance" to the Crouches at the time of the conveyance was a mineral lease dated July 5, 2001, covering minerals for property five miles from the highway strip. The conveyance to Crowley Farmland Partners was in November 2000. The benefit or importance had to be determined as of that time, not by subsequent events. Therefore, appellant presented no evidence to raise a fact question.

---

[4]The *Glover* court cited *Alkas*, but the court in *Alkas* stated the fourth requirement as in *Angelo*: that the small tracts were "of no benefit or importance" to the grantor at the time of the later conveyance. *Alkas*, 672 S.W.2d at 857.

From appellees' uncontradicted evidence, it is apparent that the narrow strip ceased to be of benefit or importance to the Crouches at the time of their conveyance to Crowley Farmland Partners. Appellant's fourth issue is overruled.

*This Court's Ruling*

The trial court's judgment is affirmed.


TERRY McCALL

JUSTICE


June 3, 2010

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.