**Opinion filed February 23, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00210-CV

_____

## DONALD R. LYBRAND, Appellant

## V.

## DONNA JOHNSON WILLIAMS, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF LARUE JOHNSON, PEGGY CLINE AND LINDA NELSON, INDIVIDUALLY, Appellees

**On Appeal from the 106th District Court**

**Dawson County, Texas**

**Trial Court Cause No. 05-02-17147**

### M E M O R A N D U M   O P I N I O N

This appeal arises from cross motions for summary judgment. The trial court granted appellees' motion for summary judgment[1] and denied appellant's motion. We affirm.

Believing that Donald R. Lybrand converted assets belonging to Larue Johnson, Donna Johnson Williams, as attorney-in-fact for Johnson, sued Lybrand for fraud and malice, fraud in the inducement and malice, unconscionable course of conduct and malice, conversion and

---

[1]We note that the trial court denied appellees' motion for summary judgment as to a party that had already been dismissed from the lawsuit.

malice, and breach of fiduciary duty and malice. Johnson later died, and appellees were substituted as plaintiffs. The crux of appellees' original underlying complaint was that Lybrand had used a fraudulent power of attorney to transfer to himself certain assets that belonged to Larue Johnson, including the financial accounts that are the subject of this appeal.

The parties subsequently entered into a mediated Rule 11 Agreement. TEX. R. CIV. P. 11. The pertinent part of the Rule 11 agreement that was entered into by the parties is as follows:

The parties agree to the following division of property:

The Estate of Larue Johnson shall receive all accounts in the name of Larue Johnson individually or Larue Johnson with Donald R. Lybrand as Joint Tenants or as Right of Survivor, more specifically those individual accounts that were transferred or modified in ownership prior to her death. Such ownership interest or accounts shall be transferred to the Estate of Larue Johnson in the same kind or character as it existed on the date of the transfer, whether in cash, shares, or otherwise, along with any gain, interest, or dividends derived thereof (The amounts as set forth below are approximate and used for descriptive purposes):

| Herndon-Plant Oakley | 1213-4658-5425 | 671,552.58 |
| Bank of America | 574036380 | 22,150.67 |
| EmigrantDirect.com | 5801972075 | 63,531.92 |
| EmigrantDirect.com | 3217376153 | 63,531.92 |
| Fidelity | Z42862339 | 134,134.41 |
| Fidelity | Z42393576 | 14,178.20 |
| Fidelity | 345156310 | 42,162.67 |
| Herndon-Plant Oakley | 121346585450 | 16,791.92 |

In addition to the accounts listed above, the Estate of Larue Johnson shall also receive [here follow references to additional property not involved in this appeal that is to belong to the Estate of Larue Johnson as well as references to specific property that is to belong to Lybrand].

Appellees, believing that Lybrand was not going to perform under the Rule 11 Agreement as they understood it, added claims for specific performance, breach of contract, and promissory estoppel. Lybrand filed a counterclaim for declaratory judgment. The dispute between the parties centered on who was to receive the specific accounts listed in the Rule 11 Agreement. The Herndon-Plant Oakley account ending in 5450 was not a part of the parties' dispute. The parties agreed that the Estate of Larue Johnson was entitled to receive that account.

Both sides of this lawsuit filed traditional motions for summary judgment. The trial court granted appellees' motion for summary judgment and denied appellant's motion for summary judgment. Lybrand appealed from that judgment. That judgment was not final, and we

dismissed the appeal for want of jurisdiction. The trial court subsequently entered another judgment. In that latter judgment, the trial court held that the Rule 11 Agreement was not ambiguous and that it was enforceable. Among other things, the trial court awarded the accounts to appellees and awarded trial court attorney's fees to them. The trial court denied all other relief, including an award of appellate attorney's fees sought by appellees. That judgment was final. Lybrand's motion for new trial was overruled, and Lybrand appealed.

Lybrand raises two issues on appeal. First, Lybrand alleges that the trial court erred when it denied his motion for summary judgment and granted appellees' motion. Specifically, Lybrand argues that the trial court erred when it denied his motion because the Rule 11 Agreement is unambiguous and that he is entitled, as a matter of law, to receive the specific accounts listed in the agreement. Lybrand also argues that the trial court issued judgment that could only result from a finding that the agreement was ambiguous and, thus, that the trial court erred when it granted appellees' motion. Lybrand contends in his second issue that the trial court erred when it denied his motion for new trial. Appellees bring a cross-issue on appeal and allege that the trial court erred when it denied the award of appellate attorney's fees that they sought in their motion for summary judgment.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The appellate court "must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented" and may not ignore "undisputed evidence in the record that cannot be disregarded." *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755, 757 (Tex. 2007).

3

When both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court considers the summary judgment evidence presented by both sides and determines all questions presented. *Valence Operating*, 164 S.W.3d at 661; *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000). If the appellate court determines the trial court erred, it must render the judgment the trial court should have rendered. *Valence Operating*, 164 S.W.3d at 661; *FM Props.*, 22 S.W.3d at 872; *Escondido Servs., LLC v. VKM Holdings, LP*, 321 S.W.3d 102, 105 (Tex. App.—Eastland 2010, no pet.).

In Issue 1(A), Lybrand contends that the trial court erred when it denied his motion for summary judgment. Specifically, he argues that the agreement is unambiguous and that the only reasonable interpretation of the agreement is that he is entitled, as a matter of law, to receive the accounts. Therefore, he maintains that, because he has shown that he is entitled to judgment as a matter of law and that there is no genuine issue as to any material fact, the trial court should have granted his motion for summary judgment.

Lybrand centers his argument on the following language in the agreement: "The Estate of Larue Johnson shall receive all accounts in the name of Larue Johnson individually or Larue Johnson with Donald R. Lybrand as Joint Tenants or as Right of Survivor, *more specifically those individual accounts that were transferred or modified in ownership prior to her death*" (emphasis added). Lybrand argues that the specific accounts listed in the agreement, except the last account, were neither transferred nor modified in ownership prior to Larue Johnson's death. Thus, because the accounts were not "transferred or modified in ownership prior to" Larue Johnson's death, Lybrand argues that, under the unambiguous language in the agreement, the accounts are his.

In Issue 1(B), Lybrand asserts that the trial court erred when it granted appellees' motion for summary judgment. We take Lybrand's argument in this part of this issue to be that, under the canons of construction, the agreement is unambiguous because the only reasonable reading of the agreement is the one he presents but that the only way the trial court could have granted appellees' motion for summary judgment would have been to first find that appellees' reading of the agreement was just as reasonable as Lybrand's and then find that, because there were two reasonable interpretations of the agreement, it was ambiguous. Lybrand correctly points out that such a finding of ambiguity would result in a fact issue and therefore preclude summary

4

judgment for appellees. The trial court, however, specifically found that the agreement was not ambiguous.

The same rules of interpretation and construction apply to settlement agreements as to other types of contracts. *Nevarez v. Ehrlich*, 296 S.W.3d 738, 742 (Tex. App.—El Paso 2009, no pet.). When courts construe a written contract, the primary concern is to ascertain the true intentions of the parties as expressed in the instrument. *Coker v. Coker*, 650 S.W.2d 391, 393 (Tex. 1983). In order to arrive at the true intention of the parties, courts are to examine and to consider the entire writing in an effort to harmonize and give effect to each of the provisions of the agreement so that none of its provisions is rendered meaningless. *Id.* All of the provisions in the agreement must be considered with reference to the entire instrument, and no single provision, taken alone, will be given controlling effect. *Id.*

Whether a contract is ambiguous is a question of law. *Kelley-Coppedge, Inc. v. Highlands Ins. Co.*, 980 S.W.2d 462, 464 (Tex. 1998). If a written agreement is worded so that it can be given a certain or definite legal meaning, then it is not ambiguous, and courts will construe an unambiguous contract as a matter of law. *State Farm Fire & Cas. Co. v. Vaughan*, 968 S.W.2d 931, 933 (Tex. 1998); *Coker*, 650 S.W.2d at 393. Our review of an unambiguous contract is a question of law that we review de novo. *Chrysler Ins. Co. v. Greenspoint Dodge of Houston, Inc.*, 297 S.W.3d 248, 252 (Tex. 2009); *ACS Investors, Inc. v. McLaughlin*, 943 S.W.2d 426, 430 (Tex. 1997). The court determines the question by examining the contract as a whole in light of the circumstances that existed when the parties entered into the contract. *Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.*, 940 S.W.2d 587, 589 (Tex. 1996). A court may conclude that a contract is ambiguous even though the parties did not plead ambiguity. *Sage Street Assocs. v. Northdale Constr. Co.*, 863 S.W.2d 438, 445 (Tex. 1993).

A contract is ambiguous when its meaning is uncertain and doubtful or when it is reasonably susceptible to more than one meaning. *Kelley-Coppedge*, 980 S.W.2d at 464; *Coker*, 650 S.W.2d at 393–94. An ambiguity does not arise just because the parties advance conflicting interpretations. *Kelley-Coppedge*, 980 S.W.2d at 465. Only when a contract is susceptible to two or more reasonable interpretations, after a court applies the applicable rules of contract construction, is the contract ambiguous. *Id.* If a contract is ambiguous, then a fact issue exists regarding the intent of the parties, and summary judgment is improper. *Coker*, 650 S.W.2d at 394.

We are of the opinion that the Rule 11 Agreement here can be given a certain and definite meaning, and that it is not ambiguous.

Lybrand points us to the doctrine of last antecedent set forth in our opinion in *Stewman Ranch, Inc. v. Double M. Ranch, Ltd.*, 192 S.W.3d 808, 812 (Tex. App.—Eastland 2006, pet. denied). That rule provides that we are to apply relative and qualifying phrases in a sentence to the words or phrases immediately preceding them, unless that would impair the meaning of the sentence. *Id.* It is Lybrand's position that the portion of the agreement wherein the parties stated "more specifically those individual accounts that were transferred or modified in ownership prior to [Johnson's] death" is intended to "modify the previous phrase 'all accounts in the name of Larue Johnson.'" Lybrand also argues that specific language and exact terms in a contract, such as that just quoted, will control over general provisions such as "all accounts" as used in the agreement. Where differences exist between terms in the same agreement, those that contribute most essentially to the agreement are entitled to greater consideration. *Lavaca Bay Autoworld, L.L.C. v. Marshall Pontiac Buick Oldsmobile*, 103 S.W.3d 650, 659 (Tex. App.—Corpus Christi 2003, no pet.). We are aware of those canons, but we are also aware that we are not to give controlling effect to any single provision taken alone. In addition, we are to consider the agreement in light of the circumstances that existed at the time the parties entered into it. At the time they entered into the agreement, the parties were embroiled in a lawsuit that involved, among other things, the various accounts listed in the agreement and that are involved in this suit. We are to consider the Rule 11 Agreement in its entirety in a manner that harmonizes and gives effect to each of the provisions in it so that none of its provisions is rendered meaningless. *Coker*, 650 S.W.2d at 393.

To accept Lybrand's argument would be to render the entire listing of accounts meaningless. There would be no reason to list them in the agreement if they were not to be awarded to the estate. The accounts were very much involved in the lawsuit. Further, when we take all of the provisions into account, we note that, immediately after the parties listed the accounts, they placed these words: "In addition to the accounts listed above, the Estate of Larue Johnson shall also receive . . . ." We also note the way in which the parties arranged the agreement. As an introductory sentence, the parties wrote the following in the agreement: "The parties agree to the following division of property: . . . ." In the next four paragraphs, the parties listed property awarded to the estate. The financial accounts at issue were listed among these

6

paragraphs. The accounts were not listed among the paragraphs describing the property awarded to Lybrand. We conclude that the agreement is not ambiguous and that the only reasonable reading of the agreement is that the listed accounts were to belong to appellees.

As a matter of law, the trial court erred neither when it granted summary judgment for appellees nor when it denied Lybrand's motion for summary judgment. We overrule Lybrand's first issue on appeal.

In his second issue, Lybrand argues that the trial court erred when it denied his motion for new trial. We review a trial court's denial of a motion for new trial for an abuse of discretion. *In re R.R.*, 209 S.W.3d 112, 114 (Tex. 2006). A trial court abuses its discretion when its ruling is arbitrary, unreasonable, or without reference to any guiding rules or principles. *Great W. Drilling, Ltd. v. Alexander*, 305 S.W.3d 688, 696 (Tex. App.—Eastland 2009, no pet.). Lybrand predicates this issue upon the trial court's alleged error when it granted appellees' motion for summary judgment and when it denied his. Because we have held that the trial court did not err in either action, we find that the trial court did not abuse its discretion when it denied Lybrand's motion for new trial. We overrule Lybrand's second issue on appeal.

In a cross-issue, appellees argue that, although the trial court awarded trial court attorney's fees to them, it erred when it did not grant them appellate attorney's fees. We disagree. A trial court, in its discretion, may allow appellate attorney's fees but is not required to do so. *Anderson, Greenwood & Co. v. Martin*, 44 S.W.3d 200, 221 (Tex. App.—Houston [14th Dist.] 2001, pet. denied); *Mid County Rental Serv., Inc. v. Miner-Dederick Constr. Corp.*, 583 S.W.2d 428, 429 (Tex. Civ. App.—Beaumont 1979), *rev'd on other grounds*, 603 S.W.2d 193 (Tex. 1980); *Bernard v. Bernard*, 491 S.W.2d 222, 225 (Tex. Civ. App.—Houston [1st Dist.] 1973, no writ). We also note that appellees make no record references in this portion of their brief. *See* TEX. R. APP. P. 38.1(g), (i). Appellees' cross-issue is overruled.

We affirm the judgment of the trial court.


                                                    JIM R. WRIGHT
February 23, 2012                                   CHIEF JUSTICE

Panel consists of: Wright, C.J.,
McCall, J., and Kalenak, J.


7