Opinion filed February 23,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00210-CV

                                                    __________

 

                                DONALD
R. LYBRAND, Appellant

 

                                                             V.

 

                   DONNA
JOHNSON WILLIAMS, INDIVIDUALLY

      AND AS EXECUTRIX OF THE
ESTATE OF LARUE JOHNSON,

     PEGGY CLINE AND LINDA
NELSON, INDIVIDUALLY, Appellees



 

                                   On
Appeal from the 106th District Court

                                                          Dawson
County, Texas

                                                Trial
Court Cause No. 05-02-17147

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            This
appeal arises from cross motions for summary judgment.  The trial court granted
appellees’ motion for summary judgment[1]
and denied appellant’s motion.  We affirm.

Believing that Donald R. Lybrand converted assets belonging to Larue
Johnson, Donna Johnson Williams, as attorney-in-fact for Johnson, sued Lybrand for
fraud and malice, fraud in the inducement and malice, unconscionable course of
conduct and malice, conversion and malice, and breach of fiduciary duty and
malice.  Johnson later died, and appellees were substituted as plaintiffs.  The
crux of appellees’ original underlying complaint was that Lybrand had used a fraudulent
power of attorney to transfer to himself certain assets that belonged to Larue
Johnson, including the financial accounts that are the subject of this appeal.

            The
parties subsequently entered into a mediated Rule 11 Agreement.  Tex. R. Civ. P. 11.  The pertinent part
of the Rule 11 agreement that was entered into by the parties is as follows:

            The
parties agree to the following division of property:

 

            The
Estate of Larue Johnson shall receive all accounts in the name of Larue Johnson
individually or Larue Johnson with Donald R. Lybrand as Joint Tenants or as
Right of Survivor, more specifically those individual accounts that were
transferred or modified in ownership prior to her death.  Such ownership
interest or accounts shall be transferred to the Estate of Larue Johnson in the
same kind or character as it existed on the date of the transfer, whether in
cash, shares, or otherwise, along with any gain, interest, or dividends derived
thereof (The amounts as set forth below are approximate and used for
descriptive purposes): 

             Herndon-Plant
Oakley           1213-4658-5425          671,552.58

             Bank
of America                    574036380                    22,150.67

             EmigrantDirect.com               5801972075                 
63,531.92

             EmigrantDirect.com               3217376153                 
63,531.92

             Fidelity                                   Z42862339                  134,134.41

             Fidelity                                   Z42393576                   
14,178.20

             Fidelity                                   345156310                   
42,162.67

             Herndon-Plant
Oakley           121346585450              16,791.92      

 

            In
addition to the accounts listed above, the Estate of Larue Johnson shall also
receive [here follow references to additional property not involved in this
appeal that is to belong to the Estate of Larue Johnson as well as references
to specific property that is to belong to Lybrand].

 

Appellees,
believing that Lybrand was not going to perform under the Rule 11 Agreement as
they understood it, added claims for specific performance, breach of contract,
and promissory estoppel.  Lybrand filed a counterclaim for declaratory judgment. 
The dispute between the parties centered on who was to receive the specific
accounts listed in the Rule 11 Agreement.  The Herndon-Plant Oakley account
ending in 5450 was not a part of the parties’ dispute.  The parties agreed that
the Estate of Larue Johnson was entitled to receive that account.

            Both
sides of this lawsuit filed traditional motions for summary judgment.  The
trial court granted appellees’ motion for summary judgment and denied appellant’s
motion for summary judgment.  Lybrand appealed from that judgment.  That judgment
was not final, and we dismissed the appeal for want of jurisdiction.  The trial
court subsequently entered another judgment.  In that latter judgment, the
trial court held that the Rule 11 Agreement was not ambiguous and that it was
enforceable.  Among other things, the trial court awarded the accounts to
appellees and awarded trial court attorney’s fees to them.  The trial court
denied all other relief, including an award of appellate attorney’s fees sought
by appellees.  That judgment was final.  Lybrand’s motion for new trial was
overruled, and Lybrand appealed.

            Lybrand
raises two issues on appeal.  First, Lybrand alleges that the trial court erred
when it denied his motion for summary judgment and granted appellees’ motion. 
Specifically, Lybrand argues that the trial court erred when it denied his
motion because the Rule 11 Agreement is unambiguous and that he is entitled, as
a matter of law, to receive the specific accounts listed in the agreement.  Lybrand
also argues that the trial court issued judgment that could only result from a
finding that the agreement was ambiguous and, thus, that the trial court erred
when it granted appellees’ motion.  Lybrand contends in his second issue that
the trial court erred when it denied his motion for new trial.  Appellees bring
a cross-issue on appeal and allege that the trial court erred when it denied
the award of appellate attorney’s fees that they sought in their motion for
summary judgment.

            We review the trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003).  A
trial court must grant a traditional motion for summary judgment if the moving
party establishes that no genuine issue of material fact exists and that the
movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991).  Once the movant establishes a right to
summary judgment, the nonmovant must come forward with evidence or law that
precludes summary judgment.  City of Houston v. Clear Creek Basin Auth.,
589 S.W.2d 671, 678–79 (Tex. 1979).  

            When
reviewing a traditional summary judgment, the appellate court considers all the
evidence and takes as true evidence favorable to the nonmovant.  Am. Tobacco
Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985).  The appellate court “must
consider whether reasonable and fair-minded jurors could differ in their
conclusions in light of all of the evidence presented” and may not ignore “undisputed
evidence in the record that cannot be disregarded.”  Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754, 755, 757 (Tex. 2007).  

            When
both parties move for summary judgment and the trial court grants one motion
and denies the other, the appellate court considers the summary judgment
evidence presented by both sides and determines all questions presented.  Valence
Operating, 164 S.W.3d at 661; FM Props. Operating Co. v. City of Austin,
22 S.W.3d 868, 872 (Tex. 2000).  If the appellate court determines the trial
court erred, it must render the judgment the trial court should have rendered. 
Valence Operating, 164 S.W.3d at 661; FM Props., 22 S.W.3d
at 872; Escondido Servs., LLC v. VKM Holdings, LP, 321 S.W.3d 102, 105
(Tex. App.—Eastland 2010, no pet.).  

            In
Issue 1(A), Lybrand contends that the trial court erred when it denied his
motion for summary judgment.  Specifically, he argues that the agreement is
unambiguous and that the only reasonable interpretation of the agreement is
that he is entitled, as a matter of law, to receive the accounts.  Therefore,
he maintains that, because he has shown that he is entitled to judgment as a
matter of law and that there is no genuine issue as to any material fact, the
trial court should have granted his motion for summary judgment.

            Lybrand
centers his argument on the following language in the agreement:  “The Estate
of Larue Johnson shall receive all accounts in the name of Larue Johnson
individually or Larue Johnson with Donald R. Lybrand as Joint Tenants or as
Right of Survivor, more specifically those individual accounts that were
transferred or modified in ownership prior to her death” (emphasis
added).  Lybrand argues that the specific accounts listed in the agreement,
except the last account, were neither transferred nor modified in ownership prior
to Larue Johnson’s death.    Thus, because the accounts were not “transferred
or modified in ownership prior to” Larue Johnson’s death, Lybrand argues that, under
the unambiguous language in the agreement, the accounts are his.

            In
Issue 1(B), Lybrand asserts that the trial court erred when it granted
appellees’ motion for summary judgment.  We take Lybrand’s argument in this part
of this issue to be that, under the canons of construction, the agreement is
unambiguous because the only reasonable reading of the agreement is the one he
presents but that the only way the trial court could have granted appellees’
motion for summary judgment would have been to first find that appellees’
reading of the agreement was just as reasonable as Lybrand’s and then find
that, because there were two reasonable interpretations of the agreement, it was
ambiguous.  Lybrand correctly points out that such a finding of ambiguity would
result in a fact issue and therefore preclude summary judgment for appellees.  The
trial court, however, specifically found that the agreement was not ambiguous.

            The
same rules of interpretation and construction apply to settlement agreements as
to other types of contracts.  Nevarez v. Ehrlich, 296 S.W.3d 738, 742
(Tex. App.­­—El Paso 2009, no pet.).  When courts construe a written contract,
the primary concern is to ascertain the true intentions of the parties as
expressed in the instrument.  Coker v. Coker, 650 S.W.2d 391, 393 (Tex.
1983).  In order to arrive at the true intention of the parties, courts are to
examine and to consider the entire writing in an effort to harmonize and give
effect to each of the provisions of the agreement so that none of its
provisions is rendered meaningless.  Id.  All of the provisions in the
agreement must be considered with reference to the entire instrument, and no
single provision, taken alone, will be given controlling effect.  Id. 

            Whether
a contract is ambiguous is a question of law.  Kelley-Coppedge, Inc. v.
Highlands Ins. Co., 980 S.W.2d 462, 464 (Tex. 1998).   If a written
agreement is worded so that it can be given a certain or definite legal
meaning, then it is not ambiguous, and courts will construe an unambiguous
contract as a matter of law.  State Farm Fire & Cas. Co. v. Vaughan,
968 S.W.2d 931, 933 (Tex. 1998); Coker, 650 S.W.2d at 393.   Our review
of an unambiguous contract is a question of law that we review de novo.  Chrysler
Ins. Co. v. Greenspoint Dodge of Houston, Inc., 297 S.W.3d 248, 252 (Tex. 2009);
ACS Investors, Inc. v. McLaughlin, 943 S.W.2d 426, 430 (Tex. 1997).  The
court determines the question by examining the contract as a whole in light of
the circumstances that existed when the parties entered into the contract.  Columbia
Gas Transmission Corp. v. New Ulm Gas, Ltd., 940 S.W.2d 587, 589 (Tex. 1996). 
A court may conclude that a contract is ambiguous even though the parties did
not plead ambiguity.  Sage Street Assocs. v. Northdale Constr. Co., 863
S.W.2d 438, 445 (Tex. 1993).

            A
contract is ambiguous when its meaning is uncertain and doubtful or when it is
reasonably susceptible to more than one meaning.  Kelley-Coppedge, 980
S.W.2d at 464; Coker, 650 S.W.2d at 393–94.  An ambiguity does not arise
just because the parties advance conflicting interpretations.  Kelley-Coppedge,
980 S.W.2d at 465.  Only when a contract is susceptible to two or more
reasonable interpretations, after a court applies the applicable rules of
contract construction, is the contract ambiguous.  Id.  If a contract is
ambiguous, then a fact issue exists regarding the intent of the parties, and
summary judgment is improper.  Coker, 650 S.W.2d at 394.

            We
are of the opinion that the Rule 11 Agreement here can be given a certain and
definite meaning, and that it is not ambiguous.  

            Lybrand
points us to the doctrine of last antecedent set forth in our opinion in Stewman
Ranch, Inc. v. Double M. Ranch, Ltd., 192 S.W.3d 808, 812 (Tex. App.—Eastland
2006, pet. denied).  That rule provides that we are to apply relative and
qualifying phrases in a sentence to the words or phrases immediately preceding
them, unless that would impair the meaning of the sentence.  Id.  It is
Lybrand’s position that the portion of the agreement wherein the parties stated
“more specifically those individual accounts that were transferred or modified
in ownership prior to [Johnson’s] death” is intended to “modify the previous
phrase ‘all accounts in the name of Larue Johnson.’”  Lybrand also argues that
specific language and exact terms in a contract, such as that just quoted, will
control over general provisions such as “all accounts” as used in the
agreement.  Where differences exist between terms in the same agreement, those that
contribute most essentially to the agreement are entitled to greater consideration.
 Lavaca Bay Autoworld, L.L.C. v. Marshall Pontiac Buick Oldsmobile, 103
S.W.3d 650, 659 (Tex. App.—Corpus Christi 2003, no pet.).  We are aware of
those canons, but we are also aware that we are not to give controlling effect
to any single provision taken alone.  In addition, we are to consider the
agreement in light of the circumstances that existed at the time the parties
entered into it.  At the time they entered into the agreement, the parties were
embroiled in a lawsuit that involved, among other things, the various accounts
listed in the agreement and that are involved in this suit.  We are to consider
the Rule 11 Agreement in its entirety in a manner that harmonizes and gives
effect to each of the provisions in it so that none of its provisions is rendered
meaningless.  Coker, 650 S.W.2d at 393.

            To
accept Lybrand’s argument would be to render the entire listing of accounts
meaningless.  There would be no reason to list them in the agreement if they
were not to be awarded to the estate.  The accounts were very much involved in
the lawsuit.  Further, when we take all of the provisions into account, we note
that, immediately after the parties listed the accounts, they placed these
words: “In addition to the accounts listed above, the Estate of Larue Johnson
shall also receive . . . .”  We also note the way in which the parties arranged
the agreement.  As an introductory sentence, the parties wrote the following in
the agreement: “The parties agree to the following division of property: . . .
.”  In the next four paragraphs, the parties listed property awarded to the
estate.  The financial accounts at issue were listed among these paragraphs. 
The accounts were not listed among the paragraphs describing the property
awarded to Lybrand.  We conclude that the agreement is not ambiguous and that
the only reasonable reading of the agreement is that the listed accounts were
to belong to appellees.  

            As
a matter of law, the trial court erred neither when it granted summary judgment
for appellees nor when it denied Lybrand’s motion for summary judgment.  We
overrule Lybrand’s first issue on appeal.

            In
his second issue, Lybrand argues that the trial court erred when it denied his
motion for new trial.  We review a trial court’s denial of a motion for new
trial for an abuse of discretion.  In re R.R., 209 S.W.3d 112, 114 (Tex.
2006).  A trial court abuses its discretion when its ruling is arbitrary,
unreasonable, or without reference to any guiding rules or principles.  Great
W. Drilling, Ltd. v. Alexander, 305 S.W.3d 688, 696 (Tex. App.—Eastland
2009, no pet.).  Lybrand predicates this issue upon the trial court’s alleged error
when it granted appellees’ motion for summary judgment and when it denied his. 
Because we have held that the trial court did not err in either action, we find
that the trial court did not abuse its discretion when it denied Lybrand’s
motion for new trial.  We overrule Lybrand’s second issue on appeal.

            In
a cross-issue, appellees argue that, although the trial court awarded trial
court attorney’s fees to them, it erred when it did not grant them appellate
attorney’s fees.  We disagree.  A trial court, in its discretion, may allow appellate
attorney’s fees but is not required to do so.  Anderson, Greenwood & Co.
v. Martin, 44 S.W.3d 200, 221 (Tex. App.—Houston [14th Dist.] 2001, pet.
denied); Mid County Rental Serv., Inc. v. Miner-Dederick Constr. Corp.,
583 S.W.2d 428, 429 (Tex. Civ. App.—Beaumont 1979), rev’d on other grounds,
603 S.W.2d 193 (Tex. 1980); Bernard v. Bernard, 491 S.W.2d 222, 225
(Tex. Civ. App.—Houston [1st Dist.] 1973, no writ).  We also note that
appellees make no record references in this portion of their brief.  See Tex. R. App. P. 38.1(g), (i).  Appellees’
cross-issue is overruled.

            We
affirm the judgment of the trial court.

 

                                                                                    

JIM R. WRIGHT

February 23,
2012                                                                   CHIEF
JUSTICE

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









[1]We note that the trial court denied appellees’ motion
for summary judgment as to a party that had already been dismissed from the
lawsuit.